**JAMES J. WEST LLC**
105 North Front Street
Suite 205
Harrisburg, PA 17101
(717) 233-5051
(717) 234-7517

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : No. 1:11-CR-96 |
| | : |
| v. | : (Caldwell, J.) |
| | : |
| MICHAEL STRAUSBAUGH | : Filed Electronically |
| Defendant | : |

**BRIEF CHALLENGING THE CONSTITUTIONALITY
OF THE STATUTES UNDER WHICH THE DEFENDANT,
MICHAEL STRAUSBAUGH, WAS INDICTED**

**I.    Statement of the Case**

On March 23, 2011, the Defendant Michael Strausbaugh and his wife, Rebecca Strausbaugh, were indicted for producing child pornography on December 28, 2010, using materials that had been shipped, mailed or transported in interstate or foreign commerce in violation of 18 U.S.C. §2251(a) and (e) (Count 1).  In addition, Michael Strausbaugh was charged with distributing child pornography in violation of 18 U.S.C. §2252(a)(2) and (b) (Count 2), and possessing child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) (Count 3).

On May 4, 2011, the Defendant Michael Strausbaugh and his wife were the subject of a superceding indictment which added Counts 4 and 5 charging additional production

using interstate materials on December 3, 2010 and August 21, 2010 respectively. Finally, Count 6 of the superceding indictment contains a forfeiture allegation seeking criminal forfeiture of the Defendant's home at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania and any other property used in the commission of the offenses charged in Counts 1, 2, 4 and 5.

## II.   Statement of the Facts

At this state, the facts of this case basically come from the original and superceding indictment.  It appears that the Defendant and his wife are charged with taking several sexually explicit photographs of their niece (who was less than one year old) using materials that had been mailed, shipped and transported in interstate and foreign commerce on three different dates (Count 1, December 28, 2010; Count 4, December 3, 2010, and Count 5, August 21, 2010).  In addition, Michael Strausbaugh is charged with distributing one of these photographs on February 5, 2011 and possessing the photographs from December 28, 2010 until March 18, 2011.

From the discovery produced by the prosecution, it appears that on three separate occasions Michael Strausbaugh and his wife are charged with taking sexually explicit pictures of their infant niece using materials that had been transported in interstate commerce.  On February 5, 2011, the Defendant Michael Strausbaugh distributed one of the pictures by sending a single photograph to Toronto, Canada (Count 2) and that between December 28, 2010 and March 18, 2011, he is charged with possessing the photographs covered by the Indictment (Count 3).

The prosecution has indicated that the Defendant Strausbaugh has two previous convictions for indecent assault that they will contend constitute prior offenses invoking increased mandatory minimum sentences. The resulting penalties, if mandatory minimums are increased by two prior offenses, would be a thirty-five year mandatory minimum on Counts 1, 4 and 5; a fifteen year mandatory minimum on Count 2; and a ten year mandatory minimum on Count 3. The Defendant Strausbaugh has indicated to his counsel that the two prior indecent assault convictions in York County charged in 2000 and 2008, involve conduct that occurred while the Defendant was between the ages of 14 and 18 years old.[1]

The Defendant Michael Strausbaugh now moves to dismiss the Indictment.

Hence, this Brief.

III.  Issues Presented

    A.  **Do the Statutes Involved Which Have Potential Mandatory Minimums Totaling 130 years Violate the Prohibition Against Cruel and Unusual Punishment?**

    B.  **Are the Statutes Involved Unconstitutional Under the Commerce Clause?**

---

[1] The timing of these charges is unusual with the 2000 charge involving conduct when the Defendant was 18 years old and the 2008 charge involving conduct when he was between 14 years old.

IV.     Argument

    A.     The Statutes Involved Violate the Prohibition Against Cruel and Unusual Punishment

Sentencing for violation of the child pornography statute has come under significant attack in the last several years with the Second Circuit specifically informing the lower courts regarding the child pornography Sentencing Guidelines that they are dealing with an "eccentric guideline of highly unusual provenance." *United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2010). The *Dorvee* case was following by the Third Circuit's Opinion in *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010)[2] where the District Court further documented that numerous district court opinions have expressed grave concern about the child pornography guidelines. See, numerous cases cited at *Grober* at 603. The basic problem with the child pornography guidelines arises out of the fact that the Sentencing Commission did not research and study these particular guidelines and the numerous changes to the Guidelines increasing the penalties have been almost exclusively directed by Congress. Accordingly, these guidelines have been deemed to be "fundamentally different" (*Dorvee* at 184) from other guidelines and have resulted in some of the strongest language used by courts of appeals in criticizing guidelines, i.e., "outrageously high sentences" (*Grober* at 577), "widespread dissatisfaction amongst district judges" (*Grober* at 606), and "manifestly unjust" (*Grober* at 607 citing *Dorvee*). The Guidelines have also been criticized because the enhancements to the Guidelines which

---

    [2] See also, the District Court's decision in *Grober* was arrived at only after an extensive sentencing hearing. See *Grober* at 595 F.Supp.2d 382 (2008).

4

come in play are all but inherent in the charged offense. *Grober* at 186-87. The "unusual provenance" of these guidelines has also resulted in recent law review articles critical of the sentences imposed for child pornography violations. See, e.g., *Inequitable Sentencing for Possession of Child Pornography: A Failure to Distinguish Voyeurs from Pederasts*, Hastings Law Journal, 2010.[3]

In the case *sub judice*, this Court is faced with something far more serious than the interpretation of the Sentencing Guidelines because the prosecution has repeatedly indicated that mandatory minimums come into play in this case and since the Defendant has two prior convictions that may qualify for enhancements[4] the Defendant is exposed to penalties totaling 105 years in mandatory minimum (Count 1, 4 and 5) plus fifteen year mandatory minimum (Count 2), a ten year mandatory minimum (Count 3) as well as the forfeiture of his personal residence and all property (Count 6). Even if concurrent sentences are imposed, the Defendant may be exposed to 35 years under the prosecution's theory. This takes the offense beyond mere criticism of outrageously high sentences imposed pursuant to the Sentencing Guidelines[5] and we respectfully submit puts it into the constitutional range of whether the Court is faced with an indictment that is asking

---

[3] The Hastings Law Review article can be found in the archives section of the Hastings Law Journal website at http://www.uchastings.edu/hlj/archive/vol61/Basbaum_61-HLJ-1281.pdf.

[4] The defense does not concede this application of enhancements but assumes it for purposes of this argument.

[5] In *Dorvee* the defendant was sentenced to 240 months. In *Grober* the defendant was sentenced to 5 years.

for the imposition of cruel and unusual punishment under the circumstances of this case.

In this regard, we would call the Court's attention to a recent decision in the District Court for the Eastern District of New York by Senior United States Judge Jack B. Weinstein. In that case, the Court was faced with a mandatory minimum of five years for the charge of distribution of child pornography, such as contained in Count 2 of the present Indictment. The Court made a duel holding that the five year mandatory minimum sentence violated the prohibition against cruel and unusual punishment and that the Guideline sentence (63 to 78 months) was also excessive and imposed a thirty month sentence – less than both the mandatory minimum and the non-binding Guideline computation. The District Court put forth a tremendous legal effort in this particular case with weeks of hearings culminating in a 349 page opinion that can be found at *United States v. C.R.*, 2011 U.S. Dist. LEXIS 53497 (E.D. NY 05/16/2011).

The Defendant realizes that the Court has not had an opportunity to have a lengthy sentencing hearing and to develop all of the evidence that was gathered and considered by Senior Judge Weinstein in arriving at his cruel and unusual punishment conclusion, but given the large difference between the mandatory minimums applicable in this case (totaling over 100 years) and the five year mandatory minimum considered to be cruel and unusual by Senior Judge Weinstein, we respectfully submit it is not premature to consider the cruel and unusual punishment aspect of this case. Senior Judge Weinstein's rationale (*Id.* at 294) is based on the fact that the Eighth Amendment requires

proportionality in sentence imposed for crime which forbids extreme sentences that are "grossly disportionate" to the crime, citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991). See also, *Graham v. Florida*, 130 S.Ct. 2011, 2021 (2010). See also, *Roper v. Simmons*, 543 U.S. 551 (2005).

We realize that the Defendant Strausbaugh at the present time is 30 years old but the predicate offenses upon which the mandatory minimum sentences are to be based involve matters that occurred when he was ages 14 and 18 years old and are clearly forming the basis for the mandatory minimums sought by the government in the case *sub judice*. Accordingly, we believe cases such as *Graham* and *Roper* dealing with cruel and unusual punishment involving minors have application to this case, i.e., that the immaturity rationale reflected in those cases applies here because the defendant was immature at the time the predicate offenses dictating the large mandatory minimum sentence were committed.

Moreover, it is clear that the Eighth Amendment's cruel and unusual provision includes a proportionality principle. See, *Solem v. Helm*, 463 U.S. 277 (1983) (holding unconstitutional a sentence of life imprisonment for passing a bad check by a convicted felon); *Weims v. United States*, 217 U.S. 349 (1910) (invalidating a twelve year sentence of imprisonment and hard labor for falsifying a public document). In 1983 the *Solem* Court established a three part test for determining whether a sentence was unconstitutionally disportionate involving (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentence

imposed for commission of the same crime in other jurisdictions. *Id*. at 292. When those principles are considered in this case, we believe that the *Dorvee* and *Grober* cases and the Hastings Law Review article, cited *supra*., combined with the numerous other cases where District Court Judges across the country have commented on the inappropriately high sentences under the child pornography guideline, establishes the disproportionality of the government's proposed use of the mandatory minimums in this case even without the lengthy evidentiary hearings held prior to sentencing in many of those cases. For other cases critical of Guideline sentences, even without the mandatory minimum overlays, see, *United States v. Diaz*, 720 F. Supp. 2d 1039, 2010 U.S. Dist. LEXIS 65979, 2010 WL 2640630 (E.D. Wis. 2010) (collecting cases); *United States v. Riley*, 655 F. Supp. 2d 1298 (S.D. Fla. 2009); *United States v. McElheney*, 630 F. Supp. 2d 886 (E.D. Tenn. 2009); *United States v. Beiermann*, 599 F. Supp. 2d 1087 (N.D. Iowa 2009); *United States v. Phinney*, 599 F. Supp. 2d 1037 (E.D. Wis. 2009)

**B.     The Statutes are Unconstitutional Under the Commerce Clause**

The Defendant is charged in Counts 1, 3, 4 and 5 with child pornography offenses that require as a specific jurisdictional element that materials used in producing and possessing child pornography have been shipped, mailed or transported in interstate or foreign commerce.

At the threshold, the Defendant would wish to preserve the issue of the constitutionality of these statutes insofar as the principles of federalism are embodied in the Constitution. This federalism issue was raised in the Third Circuit case of *United*

*States v. Bond*, 581 F.3d 128 (3d Cir. 2009) in making a constitutional challenge to the Chemical Weapons Convention Implementation Act of 1998, 22 U.S.C. §6701 and the Act's penal provision, 18 U.S.C. §229.  The Third Circuit rejected challenges based upon permitting the prosecution of localized offenses in federal court as opposed to state court in violation of the principles of federalism and interference with the Tenth Amendment rights of the states.  We note that the Supreme Court has granted *Certiorari* to review of this Third Circuit holding, argued the case in February, 2011, and that when the case is ultimately decided it may have application to this case.  Accordingly, we wish to preserve those issues (federalism/Tenth Amendment)raised in the *Bond* case insofar as they may be applicable here.  The Defendant realizes this Court cannot go against Third Circuit precedent unless the Supreme Court were to reverse the *Bond* case.

In addition, we would specifically challenge the statutes involved in this Indictment insofar as the scope of the government's authority under the Commerce Clause is concerned.  The Eleventh Circuit declared the statute outlawing the production of child pornography unconstitutional in the case of *United States v. Smith*, 402 F.3d 1303 (11th Cir. 2005) citing the extensive history of Congress' basis for regulating child pornography which, for the 1998 amendments at issue here, Congress amended the statue to predicate jurisdiction on the use of "material that have been mailed, shipped, or transported in interstate or foreign commerce by any means." *Id*. at 1320.  The Eleventh Circuit felt that this jurisdictional basis "provides too attenuated a link to interstate commerce *** that would bid fair to convert congressional authority under the Commerce Clause to a

9

general police power of the sort retained by the states." *Id*. at 1320 citing *United States v. Maxwell*, 386 F.3d 1042 (11th Cir. 2004). The Eleventh Circuit went on to indicate that Congress' rationale for amending the statute in 1998 to add the jurisdictional provision at issue does nothing to explain or establish a substantial affect on interstate commerce required by the Commerce Clause. We are aware that this case was subsequently remanded by the Supreme Court and vacated by the Eleventh Circuit in light of *Gonzales v. Raich*, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005)[6] but respectfully submit that the Supreme Court has never clearly decided the issue of whether the child pornography statutes have an adequate connection with commerce through the use of materials that had previously traveled in interstate commerce amendment. We respectfully submit the 1998 amendments represent a tremendous expansion of Congress' power under the Commerce Clause that is certainly tenuous in light of *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (striking down the gun free school zone statute). We are also aware that the Third Circuit and the Eleventh Circuit disagreed on this interpretation of the Commerce Clause and in the case of *United States v. Rodia*, 194 F.3d 465, 478-79 (3d Cir. 1999) the Third Circuit adopted a theory that a person possessing interstate child pornography could develop an increased appetite for more of such materials and that this was an adequate affect on the interstate market to bring it within federal criminal jurisdiction. We believe there is a split in the Circuits that has not been

---

[6] The Eleventh Circuit's Opinion on remand is *United States v. Smith*, 459 F.3d 1276 (11th Cir. 2006).

clearly resolved even after the remand of the *Smith* case from the Eleventh Circuit and, knowing that this Court is bound by Third Circuit precedent of the *Rodia* case, *supra*., file this portion of this motion to preserve this issue at this time for review by this Court and or further appeal.

V.   **Conclusion**

For the foregoing reasons the Indictment in this case should be dismissed as a violation of the cruel and unusual punishment clause and/or as having an inadequate basis in the commerce clause.

Respectfully Submitted,

 s/ *James J. West*
James J West
105 North Front Street, Suite 205
Harrisburg, PA 17101
(717) 233-5051
(717) 234-7517 - fax
jwest@jwestlaw.com

Counsel for Michael Strausbaugh

Dated:  June 16, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this **16th** day of **June 2011,** a true and correct copy of the foregoing document was served upon the party named below via the Court's ECF Filing System addressed as follows:

Daryl F. Bloom  
Assistant United States Attorney  
Daryl.Bloom@usdoj.gov

 *s/ Joanne M. Bartley*
Joanne M. Bartley
Assistant to James J. West, Esquire