# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | NO. 1:CR-11-0096 |
| | ) | |
| v. | ) | (Judge Caldwell) |
| | ) | |
| **MICHAEL STRAUSBAUGH,** | ) | |
| Defendant. | ) | (Electronically Filed) |

## UNITED STATES' RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

COMES NOW, the United States of America, by and through its attorneys, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and Daryl F. Bloom, Assistant United States Attorney, files this brief in opposition to defendant's motion to dismiss indictment.

### I. Statement of the Case

On March 16, 2011 United States Magistrate Judge Smyser signed a search warrant for the 1946 East Berlin Road, New Oxford, Adam's County, Pennsylvania. The search warrant was executed on March 18, 2011 and later that day criminal complaints were filed against Michael Strausbaugh (hereafter "defendant") and Rebecca Strausbaugh.

On March 23, 2011, the defendant and his wife, Rebecca Strausbaugh, were indicted for producing child pornography on December 28, 2010, using materials that had been shipped, mailed, or transported in interstate or foreign commerce in

violation of 18 U.S.C. §2251(a) and (e) (Count 1).  Additionally, the defendant was charged with distributing child pornography in violation of 18 U.S.C. §2252(a)(2) and (b) (Count 2), and possessing child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) (Count 3).

On May 4, 2011, the Grand Jury returned a superseding indictment and charged the defendant and his wife with three additional counts.  In Counts 4 and 5 of the superseding indictment the defendants were charged with violations of 18 U.S.C. 2251(a) and (e) for producing child pornography that occurred on December 3, 2010 and August 21, 2010, respectively.  Count 6 of the superseding indictment is a criminal forfeiture allegation pursuant to 18 U.S.C. § 2253 seeking the forfeiture of the defendant's home at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania and any other property used in the commission of the offenses charged in Counts 1, 2, 4, and 5.

On June 16, 2011 the defendants counsel filed a brief challenging the constitutionality of the charged statutes on two grounds.  First, the defendant claims the potential sentences violate the Eighth Amendment of the United States Constitution because they constitute cruel and unusual punishment.  Second, the defendant challenges the constitutionality of the statutes based on the grounds that they are beyond the scope of Congress to regulate under their commerce clause.

This brief is in response to the defendant's challenges to these statutes.

## II.  Statement of the Facts

The defendant has been charged under 18 U.S.C. § 2251 (a) and (e) for producing child pornography of a minor girl less than one year old with materials that had been mailed, shipped, and transported in interstate commerce. (Count 1, December 28, 2010; Count 4, December 3, 2010; and Count 5, August 21, 2010). Additionally, the defendant is charged with distribution of these photographs on February 5, 2011 and possessing these photographs from December 28, 2010 until March 18, 2011. (Count 2 and Count 3).

As a result of these charges, the defendant is subject to statutory mandatory minimum sentences.  Further, the defendant has two previous convictions for indecent assault that may serve as prior offenses that will increase the mandatory minimum sentences.

## III.  Issues Presented

    **A.**    **Whether the Statutes Involved are Constitutional Under the Eighth Amendment of the Constitution?**

    **B.**    **Whether the Statutes Involved are Constitutional Under the Commerce Clause?**

## IV.  Argument

**A.    The Statutes Involved are Constitutional Under the Eighth Amendment of the United States Constitution**

The defendant argues that the statues involved and the mandatory minimum sentences they carry violate the proportionality principle of the Eighth Amendment's cruel and unusual punishment provision.  At the outset, this argument is premature in that the defendant has not been found guilty and no sentencing hearing has occurred.  Regardless, the defendant's argument fails because this is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[1]  Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991)).

The Eighth Amendment of the United States Constitution bars the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  In Roper v. Simmons, the Supreme Court stated this amendment "guarantees individuals the right not to be subjected to excessive sanctions." 543 U.S. 551, 560 (2005).  "The right flows from the basic precept of justice that punishment for crime should be

---

[1] Absent such an inference, there is no need to conduct any "comparative analysis 'within and between jurisdictions.'" Ewing 538 U.S. at 23 (quoting Harmelin, 501 U.S. at 1004-05).

graduated and proportioned to the offense." Id. (internal quotations omitted). However, both Harmelin and Ewing reaffirm that only in "exceedingly rare" cases will a sentence for a term of years violate the Eighth Amendment's prohibition against cruel and unusual punishment. Ewing, 538 U.S. at 22. In Ewing, the Supreme Court noted that noncapital sentences are subject only to a "narrow proportionality principle" which prohibits sentences that are "grossly disproportionate" to the crime. Id. at 20 (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment).

The Supreme Court has stated reviewing courts that "outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Ewing, 538 U.S. at 21 (citation omitted). Only once in the past 25 years has the Supreme Court sustained an Eighth Amendment challenge to the length of a prison sentence. In that case, Solem v. Helm, a judge sentenced a non-violent repeat offender to life imprisonment without parole for the crime of writing a "no account" check for one hundred dollars. 463 U.S. at 279-82. The Court noted that this crime was very minor and the life sentence was "the most severe punishment that the State could have imposed." Id. at 297. The Court further noted that the crime was "one of the most passive felonies a person could commit." Id. In this case, by contrast, the

5

defendant actively produced, distributed, and possessed pornographic images of an infant under one year of age.

The defendant's claim is even less compelling than claims presented in other cases where the Supreme Court has rejected Eighth Amendment challenges to prison sentences on proportionality grounds.  See, e.g., Rummel v. Estelle, 445 U.S. 263, 265-66, 285 (1980) (upholding life in prison without the possibility of parole under three strikes law where final offense was obtaining $120.75 by false pretenses and the loss amount of the two prior fraud felonies was $80 and $28.36, respectively).  Additionally, every Circuit court that has considered this question, even after United States v. Booker, 543 U.S. 220 (2005), has refused to expand the proportionality principle, and has determined that a sentence within the statutory maximum-minimum range in the child pornography context does not violate the Eighth Amendment.  See, e.g., United States v. Gross, 437 F.3d 691 (7th Cir. 2006) (fifteen-year mandatory minimum sentence for distribution of child pornography not grossly disproportional); United States v. MacEwan, 445 F.3d 237 (3d Cir. 2006) (fifteen year mandatory minimum sentence for child pornography offender did not violate the Eighth Amendment); United States v. Weis, 487 F.3d 1148, 1154 (8th Cir. 2007) (a sentence of less than the twenty year maximum under 18 U.S.C. § 2252(a)(2) did not violate the Eighth Amendment).

It is clear that this case should not be dismissed for a violation of the Eighth

Amendment because it does not rise to level of "gross disproportionality" when comparing the crimes committed and the potential sentences imposed.  The defendant has been charged with production, distribution, and possession of child pornography involving his eight month old niece and, as a result, is subject to mandatory minimum sentences that are proportionate to the charged offenses.  As such, the court should deny the defendant's motion to dismiss the indictment.

### B. The Statutes Involved are Constitutional Under the Commerce Clause

The defendant argues that the charged child pornography offenses (Counts 1, 3, 4, and 5) that require a jurisdictional element that materials used in producing, possessing child pornography have been shipped, mailed, or transported in interstate or foreign commerce are unconstitutional for two reasons.  First, the defendant claims the statutes are unconstitutional because of federalism and Tenth Amendment concerns.[2]  Second, the defendant asserts the statutes are unconstitutional because they exceed the scope of the government's authority under the commerce clause.  However, as the defendant correctly states in his brief, Third Circuit precedent decisions are contrary to his argument.

In discussion of federalism and Tenth Amendment concerns, the defendant's brief relies on the recent Third Circuit decision in United States v. Bond, 581 F.3d 128 (3d Cir. 2009).  In Bond, the court denied standing to the

defendant to challenge the constitutionality of the Chemical Weapons Convention Implementation Act of 1988, 22 U.S.C. §6701, and the Act's penal provision, 18 U.S.C. §229.[2]  The case was then appealed and the Supreme Court granted *Certiorari* to review the case.  Just recently, on June 16, 2011, the Supreme Court reversed and remanded the case to the Third Circuit in order for the case to be decided on the merits of the challenge.  Bond v. United States, 131 S. Ct. 2355.

The statutes are a constitutionally valid exercise of Congress's commerce clause.  The defendant argues that the "produced using materials" prong is an unconstitutional exercise of Congress' commerce clause power as applied to prosecutions that are otherwise premised on intrastate activity.  Following the Supreme Court's decision in Gonzales v. Raich, 545 U.S. 1 (2005), however, every Circuit to consider the issue has confirmed the constitutionality of this provision.  See United States v. Densberger, 285 F. Appx 926, 928-29 (3d. Cir. 2008); United States v. Forrest, 429 F.3d 73, 78-79 (4 Cir. 2005); United States v. Chambers, 441 F.3d 438 (6th Cir. 2006); United States v. Blum, 534 F.3d 608,

---

[2] The challenge to the statue was based upon permitting the prosecution of localized offenses in federal court as opposed to state court in violation of the principles of federalism and interference with the Tenth Amendment.  However, the merits of this argument were not reached when the Third Circuit found the defendant did not have standing to bring this challenge.  United States v. Bond, 581 F.3d 128 (3d Cir. 2009).

612 (7th Cir. 2008); United States v. Betcher, 534 F.3d 820, 824 (8th Cir. 2008); United States v. McCalla, 545 F.3d 750, 753-756 (9th Cir. 2008); United States v. Jeronimo-Bautista, 425 F.3d 1266, 1272 (10th Cir. 2005); United States v. Grimmett, 439 F.3d 1263 (10th Cir. 2006); United States v. Maxwell, 446 F.3d 1210 (11th Cir. 2006); United States v. Sullivan, 451 F.3d 884, 890-92 (D.C. Cir. 2006).  Prior to Raich, the First, Second and Fifth circuits had already confirmed the constitutionality of the "produced using materials" prong.  See United States v. Morales-de Jesus, 372 F.3d 6, 12-17 (1st Cir. 2004); United States v. Holston, 343 F.3d 83, 90 (2d. Cir. 2003); United States v. Kallestad, 236 F.3d 225, 228-31 (5th Cir. 2000).

   Further, this Circuit has held the child pornography statutes in question to be a constitutional exercise of Congress's commerce clause.  See United States v. Rodia, 194 F.3d 465, 468 (3d Cir. 1999); United States v. Galo, 229 F.3d 572 (3d Cir. 2001).  As the defendant's brief correctly states, this Circuit found that Congress could have rationally concluded that intrastate possession of child pornography created a demand that substantially affected interstate commerce. Rodia, 194 F.3d at 468.  Accordingly, Congress could regulate intrastate possession of child pornography under the commerce clause.  See Galo, 229 F.3d at 572 (finding that same reasoning applies to analysis of 18 U.S.C. § 2251(a)

9

because both statutes contain the same jurisdictional element). The statutes in

question are valid exercises of Congress's power under the Commerce Clause.  As such, the defendant's claim is without merit and should be dismissed.

### V.  Conclusion

For the foregoing reasons, the defendant's motion to dismiss indictment should be denied.

Date: July 15, 2011				Respectfully submitted,

						PETER J. SMITH
						United States Attorney

						 /s/ Daryl F. Bloom
						DARYL F. BLOOM
						Assistant U.S. Attorney
						PA 73820
						Daryl.Bloom@usdoj.gov
						228 Walnut Street, Suite 220
						Harrisburg, PA 17108
						Phone: (717) 221-4482
						Fax: (717) 221-2246

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | NO. 1:CR-11-0096 |
| | ) | |
| **v.** | ) | (Judge Caldwell) |
| | ) | |
| **MICHAEL STRAUSBAUGH,** | ) | |
| **Defendant.** | ) | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 15th day of July, 2011, she served a copy of the foregoing document by electronic means by sending a copy to each of the e-mail addresses stated below:

Addressee:

James J. West, Esquire
jwest@jwestlaw.com


/s/ Chyenna Gowdy
CHYENNA GOWDY
Legal Assistant