IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:CR-11-0096 |
| | ) | |
| v. | ) | (Judge Caldwell) |
| | ) | |
| MICHAEL STRAUSBAUGH, | ) | |
| Defendant. | ) | (Electronically Filed) |

**UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS
SEIZED EVIDENCE AND ORAL STATEMENTS**

COMES NOW, the United States of America, by and through its attorneys, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and Daryl F. Bloom, Assistant United States Attorney, files this brief in opposition to defendant's motion to suppress evidence and statements.

### I. Statement of Case

On March 16, 2011 United States Magistrate Judge Smyser signed a search warrant for the 1946 East Berlin Road, New Oxford, Adam's County, Pennsylvania. The search warrant was executed on March 18, 2011 and later that day criminal complaints were filed against Michael Strausbaugh (hereafter "defendant") and Rebecca Strausbaugh.

On March 23, 2011, the defendant and his wife, Rebecca Strausbaugh, were indicted for producing child pornography on December 28, 2010, using materials that had been shipped, mailed, or transported in interstate or foreign commerce in

violation of 18 U.S.C. §2251(a) and (e) (Count 1).  Additionally, the defendant was charged with distributing child pornography in violation of 18 U.S.C. §2252(a)(2) and (b) (Count 2), and possessing child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) (Count 3).

On May 4, 2011, the Grand Jury returned a superseding indictment and charged the defendant and his wife with three additional counts.  Counts 4 and 5 of the superseding indictment are for violations of 18 U.S.C. 2251(a) and (e) for producing child pornography that occurred on December 3, 2010 and August 21, 2010, respectively.  Count 6 of the superseding indictment is a criminal forfeiture allegation pursuant to 18 U.S.C. § 2253 seeking the forfeiture of the defendant's home at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania and any other property used in the commission of the offenses charged in Counts 1, 2, 4, and 5.

On June 16, 2011 the defendant's counsel filed a motion to suppress evidence seized and subsequent oral statements stemming from the aforementioned search warrant.  This brief is in response to the defendant's motion to suppress this evidence.

## II.  Statement of Facts

On February 25, 2011, Detective Paul Krawczyk of the Toronto Police

Services (TPS) contacted the United States Postal Inspector Services (USPIS) regarding the findings of a search warrant that was executed on February 23, 2011. (Affidavit ¶ 18). Detective Krawcyzk stated that a search warrant was executed at 108 Craydon Rd., Apartment 1, in the Town of Whitby, in the Province of Ontario as a result of a month long investigation of Gregory John Trumbley for uploading images of his niece onto the photo-sharing website *www.imgsrc.ru.* (Affidavit ¶ 18)**.** Trumbley consented to allow officers to take over his email account (*niecex11@yahoo.ca*). (Affidavit ¶ 20). A search of Trumbley's email account revealed email exchanges between Trumbley's email account and the email account *wantmelittle@gmail.com.* (Affidavit ¶ 21).

On February 5, 2011 at 4:49 PM an email was sent from *wantmelittle@gmail.com* to Trumbley's email address that contained an attachment called newfolder.zip. (Affidavit ¶ 23). Detective Krawczyk opened the attachment and it contained one image entitled PICT0321.[1] Detective Krwawczyk opened the attachment and it was a photograph of a prepubescent girl

---

[1] A check of the properties and Exif data of the image contained in the email indicated that the image was taken on December 28, 2010 at 2:45 AM with a Konica Minolta DiMage Z20 Digital Camera. (Affidavit ¶ 24).

who appeared to be under the age of one.[2] (Affidavit ¶ 23).

Based on this information, Detective Bone of the USPIS served Google Inc. with a Subpoena Duces Tecum for information regarding the email address of wantmelittle@gmail.com.  (Affidavit ¶ 27).  On February 25, 2011, Google Inc. provided information including the various internet protocol (IP) addresses associated with the users of the account and the secondary email address of alexstrausbaugh@gmail.com for the account.  (Affidavit ¶ 28).[3]  Additionally, on February 25, 2011 a Subpoena Duces Tecum was served upon Verizon Wireless for the IP addresses identified by Google as being associated with the email address wantmelittle@gmail.com.  (Affidavit ¶ 29).

On March 8, 2011 Verizon Wireless provided the requested information and revealed that wantmelittle@gmail.com had logged onto an IP address (69.98.34.54) while that same IP address (69.98.34.54) was assigned to the account of:

---

[2] A previous email sent on February 5, 2011 at 4:30 AM from wantmelittle@gmail.com to niecex11@yahoo.ca stated "i have some good pics nude of 8 month old niece let ne (sic) know if you want to trade if you have nude" (Affidavit ¶ 22).

[3] A review of the IP logs indicated that they resolved to Verizon Wireless and were assigned to the state of Pennsylvania. (Affidavit ¶ 28).

    Rebecca Strausbaugh
    1946 East Berlin Rd.
    New Oxford, PA
    717-619-7135– Residence
    717-688-4798– Device[4]

On March 11, 2011, USPI Michael Correcelli contacted the United States Postal Service representative responsible for mail delivery at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania. (Affidavit ¶ 32). This person stated that Michael and Rebecca Strausbaugh receive mail at this address.[5] Additionally, this representative indicated that a business titled "Mild to Wild Diesel Performance" receives mail at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania and most of this business mail is addressed to Michael Straushbaugh. (Affidavit ¶ 32). USPI Correcelli then conducted an internet search for "Mild to Wild Diesel Performance" and located an internet website at www.mildtowilddieselperformance.com. (Affidavit ¶ 33). This site listed Michael

---

[4] A review of the Verizon Wireless return revealed that the IP address (69.98.34.54) was assigned to the Rebecca Strausbaugh's wireless device from 2/25/2011 at 2:01 GMT to 2/25/11 at 2:32 and wantmelittle@gmail.com logged onto the IP address (69.98.34.54) on 2/25/2011 at 2:26:00 UTC and logged off the same IP address on 2/25/2011 at 2:26:11 UTC. (Affidavit ¶ 30).

[5] On March 14, 2011 USPI Correcelli was notified by this same representative that in addition to Michael and Rebecca Strausbaugh receiving mail at 1946 East Berlin Road, New Oxford, PA 17350, an Alexandra Strausbaugh received a single piece of mail at this same address. (Affidavit ¶ 37).

Strausbaugh, the cell phone number of 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 and the address of 1946 East Berlin Road, New Oxford, PA 17350.  The website also listed an email address of [mildtowilddiesel@gmail.com](mildtowilddiesel@gmail.com).  (Affidavit ¶ 33).

On March 11, 2011, Inspector Bone served a Subpoena Duces Tecum on Google Inc. for information on the email address of [mildtowilddiesel@gmail.com](mildtowilddiesel@gmail.com).  (Affidavit ¶ 34).  That same day, Google Inc. provided IP addresses related to the user(s) of the account.  (Affidavit ¶ 35).  Inspector Bone reviewed these IP logs and found that they resolved to Verizon Wireless and were consistent with the IP connection logs for [wantmelittle@gmail.com](wantmelittle@gmail.com).  (Affidavit ¶ 35).  A further analysis of the IP address was conducted on March 13, 2011, and concluded that eight seconds after the suspect logged out of the target account ([wantmelittle@gmail.com](wantmelittle@gmail.com)), the business account was accessed from the same Verizon Wireless Account.  (Affidavit ¶ 36).  The following returns are found in the Affidavit:

> Verizon Return to the Strausbaugh Residence–
> Assigned 69.98.34.54 from 2/25/2011 2:01 GMT until 2/25/2011 2:32 GMT
>
> Suspect Account– [wantmelittle@gmail.com](wantmelittle@gmail.com)
> Assigned 69.98.34.54
> Login on 2/25/2011 at 2:26:00 UTC logout at 2:26:11 UTC
>
> Business Account– [mildtowilddiesel@gmail.com](mildtowilddiesel@gmail.com)
> Assigned 69.98.34.54

    Login on 2/25/2011 at 2:22:08 UTC logout at 2:23:12 UTC

Also, another very big indicator that the same person is using both accounts (One of several):

    Suspect Account– *wantmelittle@gmail.com*
    69.98.34.54
    Login 2/23/2011 at 01:03:46 UTC logout at 01:03:58 UTC

    69.98.34.54
    Business Account– *mildtowilddiesel@gmail.com*
    Login 2/23/2011 at 01:04:06 UTC logout at 01:04:32 UTC

    On March 14, 2011, USPI Correcelli determined from the Pennsylvania Department of Motor Vehicles that Michael Strausbaugh has approximately seven vehicles registered to him at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.  Additionally, USPI Correcelli obtained Michael Strausbaugh's driver's license information from the Pennsylvania Department of Transportation reveal.  This search disclosed the same address.  (Affidavit ¶ 38).  Later on this same date, USPI Correcelli conducted surveillance of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.  The location had two white structures with a single point of ingress and egress consisting of a single gravel driveway to the property.  (Affidavit ¶ 39).

    Based on the preceeding facts, the affidavit stated that  probable cause existed to believe that an individual at 1946 East Berlin Road, New Oxford,

Adams County, Pennsylvania had produced and/or distributed child pornography. (Affidavit ¶ 43). Further, based on USPI Correcelli's knowledge, training and experience, and the experience of other law enforcement personnel he has consulted with, he knew that certain common characteristics are common to individuals involved in the receipt and distribution of child pornography. (Affidavit ¶ 43). Among these characteristics is that individuals who deal with child pornography often possess and maintain their "hard copies" of child pornography in the privacy and security of their homes or some other secure location within their property. (Affidavit ¶ 43). In addition to hard copies, these individuals often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area which is usually at their residence. (Affidavit ¶ 43).

From this probable cause affidavit, a search warrant was issued for 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania. Relevant to this motion, the Konica Minolta Camera was seized and the photographs on the electronic memory device were viewed. Michael Strausbaugh was then read his Miranda Rights and signed a "warning and waiver" of rights form. He was then interviewed by law enforcement officers and confessed to taking nude photographs of his niece with the digital camera.

### III.  Questions Presented

A.  **Whether the Evidence Seized During the Search of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania is Admissible?**

B.  **Was the Search of the Seized Camera Authorized by the Search Warrant Affidavit?**

C.  **Should Michael Strausbaugh's Confession is Admissible?**

### IV.  Argument

A.  **Evidence Seized During Search of Subject Premises is Admissible**

The defendant argues that the search warrant issued for 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania lacks adequate probable cause to justify the search warrant. However, this argument fails and the evidence obtained during the search of the 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania is admissible because probable cause existed that seizable evidence of production, distribution, and/or possession of child pornography would be found there. Alternatively, the government submits that the evidence seized during the search is admissible under the good faith exception. If the search warrant is found to be defective for lack of probable cause, the evidence is admissible because the officers reasonably relied on the magistrates determination that probable cause existed.

**1.     Sufficient Probable Cause**

The affidavit that was presented to and signed by Magistrate Smyser on March 16, 2011 provided adequate probable cause to justify the search of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.  A magistrate judge may find probable cause when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).  Further, when a court is faced with a challenge to a magistrate's probable cause determination, the reviewing court's role is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  Id. At 238-39; United States v. Jones, 994 F.2d 1051, 1054 (3d Cir. 1993) (finding that the court need not determine whether probable cause actually existed, but only whether there was a substantial basis for probable cause).  This deference does not mean that reviewing courts should act as rubber stamps to a magistrate's conclusions.  United States v. Tehfe, 722 F.2d 1114, 1117 (3d Cir. 1983).  However, this does mean that "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U.S. 102, 109 (1965).

Here, an image of a naked prepubescent child was attached to an email sent

from the user name *wantmelittle@gmail.com*.  Facts set forth in the affidavit create a clear connection between the user of *wantmelittle@gmail.com* and the residence at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.  Further, the affidavit states that based upon USPI Michael Corricelli's knowledge, experience, and training in child pornography investigations, probable cause existed to believe that those who distribute and receive child pornography often possess and maintain the material in the safety and privacy of their own home or other secure locations within their property.  Thus, the facts set forth in the affidavit provided sufficient probable cause to justify the search of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.

     There is a clear connection between the user of the email address *wantmelittle@gmail.com*  and 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.  This connection is demonstrated by the following facts set forth in the affidavit: (1) subpoenaed information from Google Inc. and Verizon Wireless indicated that the user of the email address *wantmelittle@gmail.com* had logged on to an IP address (69.98.34.54) while it was assigned to a Verizon Wireless device subscribed to by Rebecca Strausbaugh at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania; (2) information provided by Google Inc. indicated that *wantmelittle@gmail.com* had a  secondary email address of

*alexstrausbaugh@gmail.com* on the account; (3) a U.S. Postal Representative responsible for delivering mail to the 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania indicated that Michael, Rebecca, and Alexander Strausbaugh receive mail at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania; (4) the same U.S. Postal Representative indicated that a business titled "Mild to Wild Diesel Performance" receives mail at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania; (5) an internet search of "Mild to Wild Diesel Performance" located the website *www.mildtowilddieselperformance.com* and listed Michael Straughsbaugh, the address of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania, and a business email address of *mildtowilddiesel@gmail.com;* (6) Michael Strausbaugh's business email address of *mildtowilddiesel@gmail.com* was logged onto the IP address (69.98.59.225) eight seconds after *wantmelittle@gmail.com* logged off of the same IP address (69.98.59.225) while this IP address (69.98.59.225) was subscribed to Rebecca Strausbaugh's Verizon Wireless Account.  Taken together, these facts demonstrate a clear connection between the user of *wantmelittle@gmail.com* and the 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania residence.

There is no requirement that direct evidence links the place to be searched

and the crime committed for the issuance of a search warrant.  United States v. Conley, 4 F.3d 1200, 1207 (3d Cir. 1993).  A court "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.  United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000).  Here, the affidavit provides probable cause to believe that an individual at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania had produced and/or distributed child pornography.[6]  Further, the affidavit states based upon USPI Correcelli's knowledge, experience, and training in child pornography investigations, as well as discussions with other law enforcement officers, certain characteristics are common to individuals involved with child pornography.  One of these common characteristics is that the individuals possess and maintain their collections of child pornography in "hard copies" or in a digital format in the privacy and security of their home or some secure location within their property.

A review of the affidavit submitted to Magistrate Smyser contains sufficient probable cause for the search of the 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.  The affidavit demonstrates probable cause that the user of

---

[6] An email from *wantmelittle@gmail.com* sent on February 5, 2011 stated "i have some good pics nude of 8 month old niece let ne (sic) know if you want to trade if you have nude"  (Affidavit ¶ 22).

the *wantmelittle@gmail.com* resides at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania and keeps evidence of child pornography in his or her home. Thus, sufficient probable cause existed for the search of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania and no evidentiary hearing is needed.

### 2. Good Faith Exception

*In arguendo*, if the search warrant is found to be defective for lack of probable cause, the evidence obtained during the search of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania is admissible under the good faith exception to the exclusionary rule. The good faith exception is applicable when an officer reasonably relies on the magistrate's determination that the warrant was supported by probable cause. United States v. Leon, 468 U.S.897 (1984). While the good faith exception does not apply in cases where the police have no reasonable basis for believing that a warrant is valid, here, a reasonable basis for believing the warrant is valid existed. Thus, the good faith exception is applicable and the evidence is admissible.

In Leon, the court identified circumstances when the good faith exception should not be applied. Id. However, none of these circumstances present themselves in this case. First, evidence should be suppressed "if the magistrate or

judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth." Id. at 922; See Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (finding that a defendant is entitled to an evidentiary hearing to determine whether the warrant was issued in reliance on a deliberately or recklessly false affidavit if the defendant first makes a substantial preliminary showing that the affiant's statement was deliberately false or demonstrated reckless disregard for the truth). Second, evidence should not be suppressed when the issuing magistrate fails to act in a neutral and detached manner. See Lo-Ji Sales, Inc. v. N.Y., 442 U.S. 319, 326-28 (1979). Third, evidence should be suppressed when a warrant is based on an affidavit "so lacking in indicia or probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923 (quoting Brown v. Illinois, 422 U.S. 590, 610-11 (1975) (Powell, J. concurring in part)). Fourth, suppression of evidence is proper "when a warrant is so facially deficient–i.e., in failing to particularize the place to be searched or the items to be seized–that the executing officers cannot reasonably presume it to be valid." Id. at 923.

    Here, there is no assertion that USPI Correcelli provided false information to Magistrate Smyser; there is no assertion that Magistrate Smyser failed to act in a neutral and detached manner; the warrant is not "so lacking in indicia or

probable cause" to render belief in it unreasonable; and the warrant is not facially deficient so that the executing officer could not reasonably presume it to be valid. Thus, the evidence seized during the search of 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania is also admissible because of the good faith exception.

### B. The Search of the Seized Camera was Authorized by the Search Warrant

The defendant argues that the search warrant did not authorize the search of the contents of the camera and therefore, the photographs discovered should be suppressed. Defendant's argument is baseless and without merit and the photographs discovered from the search of the Konica Minolta DiMage Z20 Camera (camera) should be admissible. As the defendant's brief accurately states, the camera was properly seized because it was clearly included in Attachment B of the affidavit. However, the defendant's brief ignores the fact that the affidavit specifically provided for the search of electronic data and memory storage devices of items described in Attachment B.

The affidavit specifically authorized the search of electronic data contained in items that were described in Attachment B. The affidavit provides "examination of all data contained in such computer hardware, computer software,

and/or memory storage devices to determine whether that data falls within the scope of the warrant sought herein[.]" (Affidavit ¶ 42). Further, the affidavit specified "[o]n scene previews of all computers and electronic storage areas devices." (Affidavit ¶ 42). Here, the officers executing the search warrant seized the camera that was identified in Attachment B of the affidavit. The officers then conducted an "on-scene preview" of the electronic storage device inside the camera. Thus, the search of the camera and it's contents was authorized by the search warrant and the evidence derived from this search should not be suppressed.

### C. Michael Strausbaugh's Confession is Admissible

The defendant's confession made during the execution of the valid search warrant is admissible. As set forth above, the search warrant was valid and included the search of the electronic storage device inside the camera. As such, the defendant's confession should not be suppressed as fruit of an unlawful search. Further, the defendant knowingly and voluntarily signed a "warning and waiver of rights" form before being questioned by USPI Corricelli.

## V. Conclusion

For the foregoing reasons, the defendant's motion to suppress should be denied.

Date: July 15, 2011  Respectfully submitted,

PETER J. SMITH
United States Attorney

 /s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant U.S. Attorney
PA 73820
Daryl.Bloom@usdoj.gov
228 Walnut Street, Suite 220
Harrisburg, PA 17108
Phone: (717) 221-4482
Fax: (717) 221-2246

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | NO. 1:CR-11-0096 |
| | ) | |
| **v.** | ) | (Judge Caldwell) |
| | ) | |
| **MICHAEL STRAUSBAUGH,** | ) | |
|     **Defendant.** | ) | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 15th day of July, 2011, she served a copy of the foregoing document by electronic means by sending a copy to each of the e-mail addresses stated below:

Addressee:

James J. West, Esquire
jwest@jwestlaw.com


/s/ Chyenna Gowdy
CHYENNA GOWDY
Legal Assistant