# JAMES J. WEST LLC

**105 North Front Street**
**Suite 205**
**Harrisburg, PA 17101**
**(717) 233-5051**
**(717) 234-7517**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : No. 1:11-CR-96 |
| | : |
| v. | : (Caldwell, J.) |
| | : |
| MICHAEL STRAUSBAUGH | : Filed Electronically |
| Defendant | : |

**REPLY BRIEF TO GOVERNMENT'S BRIEF IN OPPOSITION**
**CHALLENGING THE CONSTITUTIONALITY OF THE**
**STATUTES UNDER WHICH THE DEFENDANT,**
**MICHAEL STRAUSBAUGH, WAS INDICTED**

## I.    Introduction

The Defendant Michael Strausbaugh has moved to dismiss the Indictment contending that the statutes involved violate the prohibition against cruel and unusual punishment, interfere with Pennsylvania's Tenth Amendment rights and are unconstitutional under the Commerce Clause.  The prosecution has responded to this motion and, lest silence be misconstrued as acquiescence, the Defendant files this Reply Brief commenting on the prosecution's response.

II.     **Argument**

A.      **The Eighth Amendment**

The prosecution has cited a plethora of boilerplate cases that hold that the proportionality principle of the Eighth Amendment's cruel and unusual punishment provision were not violated on the facts of those particular cases contending that "this is not the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[1]  The Defendant Strausbaugh respectfully disagrees.

Under the prosecution's theory, the Defendant's Strausbaugh is exposed to life in prison and mandatory minimums totaling 130 years because the prosecution contends penalties have been magnified by two prior state indecent assault convictions in York County involving conduct when the Defendant was 14 years old and 18 years old respectively.[2]  It is clear by any reading of the penalties applicable under the federal statutes involved that Strausbaugh is being exposed to much higher penalties because of the mandatory minimum provisions of the federal statute, the decision to prosecute in

_____

[1]  The prosecution's Brief page 4 citing *Ewin v. California*, 538 U.S. 11, 20 (2003).

[2]  If the prior juvenile convictions of indecent assault are not applicable, then the Defendant is still facing a total of fifty years of mandatory minimums and a possible imprisonment range of up to 120 years.  Indecent assault under Pennsylvania law is covered by 18 Pa.C.S.A. §3126 and is a Misdemeanor II punishable by two years in prison.  Manufacture of child pornography is covered by 18 Pa.C.S.A. §6312 and is a Felony II punishable by up to 10 years in prison.  Accordingly, the Defendant's exposure in federal court is many times his exposure in state court.

federal court, and the federal sentencing guidelines.  In its responsive Brief, the prosecution does not comment on the recent cases cited in the Defendant Strausbaugh's Brief critically commenting on the penalties applicable under the federal child pornography statutes and indicating that these statutes and the Guidelines promulgated relating to them are "fundamentally different" (*United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2010) at 184) or even the fact that the Third Circuit has recognized that these prosecutions result in "outrageously high sentences" under the Sentencing Guidelines. *United States v. Grober*, 624 F.3d 592, 577 (3d Cir. 2010).  These same cases also cite "widespread dissatisfaction amongst District Judges" (*Grober* at 606) and that resulting sentences appear to be "manifestly unjust." (*Grober* at 607 citing *Dorvee*.)  The prosecution also does not comment on the similar observations in the recent *Hastings Law Journal* article entitled *Inequitable Sentencing for Possession of Child Pornography: A Failure to Distinguish Voyeurs from Pederasts*, *Hastings Law Journal*, 2010.  The above cited cases and law review article set the backdrop for the Defendant Strausbaugh's position that these statutes and the mandatory minimum sentences imposed under them are so unusual and disproportionate to almost all other federal criminal statutes that they violate the prohibition against cruel and unusual punishment.[3]

---

[3] As will be contended in the subsequent argument, the statutes also interfere with the Commonwealth of Pennsylvania's Tenth Amendment rights by federalizing what is traditionally a state offense.

3

Most importantly, the prosecution's responsive Brief does not comment upon the case of *United States v. C.R.*, 2011 U.S. Dist. LEXIS 53497 (E.D. NY 5/16/11) where Senior United States Judge Jack B. Weinstein when faced with a mandatory minimum sentence based on a charge of distribution of child pornography (such as contained in Count 2 of the present Indictment) held that the five year mandatory minimum violated the prohibition against cruel and unusual punishment, found it excessive, refused to impose it and imposed a thirty month sentence – an amount less than the mandatory minimum as well as the Guideline computation.  This holding came only after a tremendous legal effort involving weeks of hearings and a 349 page Opinion.  We respectfully submit that the Court can take notice of the many facts developed at the hearing held by District Judge Weinstein and that the mandatory minimums being invoked in this case are far more substantial and, notwithstanding, the prosecution has expressed a desire to stack mandatory minimums.[4]  We respectfully submit that the government's citation to general cases does not overcome the specific, judicially

---

[4]  The Defendant recognizes that there is a distinction between the charges in Senior Judge Weinstein's case, which was possession of child pornography, as opposed to the charges in the present Indictment involving manufacture of child pornography, but believes this is a distinction without a difference insofar as Eighth Amendment analysis is concerned.  The manufacture element in this case consists of taking single pictures that were not produced commercially to be sold for monetary gain but rather one of them was sent over the internet to an individual in Toronto, Canada.  There is a total lack of any type of commercial endeavor being undertaken by this Defendant and he acted independent from any commercial manufacturing/distribution motive. The manufacture aspect *sub judice* is really a mechanism to enhance the Defendant's sentence.

recognized problems with mandatory minimum sentences imposed under the child pornography statutes relying upon Senior Judge Weinstein's *C.R.* case and the Third Circuit's *Grober* analysis which remain undiscussed and unrebutted on this record. In this case, the Defendant faces maximum penalty of 120 years with a 15 year mandatory minimum under each of the three counts charging violations of 2251(a)(e) (Counts 1, 4 and 5). If the prosecution is correct and the Defendant has two prior convictions, he faces life in prison on each of the three counts charging violation of 2251(a)(3), mandatory minimums of 35 years on each of those counts plus additional mandatory minimums totaling 25 years on Counts 2 and 3. Obviously, the disproportionality that Senior Judge Weinstein found in the *C.R.* case is magnified many fold in the case *sub judice*.

### B.    Constitutionality Under the Tenth Amendment and the Commerce Clause

The charges in Counts 1, 3, 4 and 5 are predicated upon the federal government's power to regulate commerce. In one Count charging a mandatory minimum sentence, it appears that a single photograph was sent electronically to Canada thereby crossing interstate borders (Count 2) but in other Counts it appears that federal jurisdiction is predicated on items such as cameras and computers containing parts that were manufactured and shipped in interstate commerce at earlier points in time and were then fortuitously used in the production of the pictures at issue. In the Defendant Strasubaugh's original Brief it was indicated these interstate commerce and federalism issues were raised for the purpose of preserving them for *en banc* and Supreme Court

review since the Third Circuit had rejected constitutional challenges based upon permitting the prosecution of localized offenses in federal court (as opposed to state court) in violation of the principles of federalism and interference with the Tenth Amendment rights of the states in *United States v. Bond*, 581 F.3d 128 (3d Cir. 2009) and it was noted that the Supreme Court had granted *Certiorari* to the *Bond* case.  The Supreme Court has now reversed the Third Circuit's holding in *Bond* that an individual defendant has no standing to raise a Tenth Amendment issue (that the federal law at issue is interfering with the state's Tenth Amendment rights) and remanded the case to the Third Circuit for a decision on the merits.  We respectfully submit that at the present time, with the Third Circuit still having the *Bond* case under advisement after the Supreme Court's remand, that this Court is no longer bound by *Bond* and that this interference with the state's rights under the Tenth Amendment is now ripe for disposition here.

In reversing the Third Circuit's decision in *Bond* the Supreme Court (while making no express holding insofar as the Tenth Amendment interference with state law argument was concerned) stated as follows:

> The law to which petitioner is subject, the prosecution she seeks to counter, and the punishment she must face might not have come about if the matter were left for the Commonwealth of Pennsylvania to decide. Indeed, petitioner argues that under Pennsylvania law the expected maximum term of imprisonment she could have received for the same conduct was barely more than a third of her federal sentence.

*Id*. at Slip Opinion p. 12-13.

Likewise, in the case *sub judice*, under Pennsylvania law the manufacture of child pornography, such as is alleged in this case, would likewise result in only a fraction of the penalty the Defendant Strausbaugh is presently exposed to federally.[5] The Supreme Court in recent years had held repeatedly that laws passed by Congress which exceed the enumerated powers given to Congress in the Constitution undermine the sovereign interest of the states. See, *United States v. Lopez*, 514 U.S. 549, 564 (1995). We respectfully submit that given the disparity between state and federal sentences for identical offense conduct this is a case where the federal statute interferes with Pennsylvania's Tenth Amendment rights so that the statute is unconstitutional as applied. Accordingly, at least half of the argument we attempted to preserve in our initial Brief, i.e., the half dealing with interference with the Tenth Amendment rights of the state, is now clearly available for decision because this Court is no longer bound by controlling Third Circuit precedent in light of the Supreme Court's remand of the *Bond* case.

The prosecution does not comment in its Brief on the Defendant Strausbaugh's citation to *United States v. Smith*, 402 F.3d 1303 (11th Cir. 2005) which cited (and relied upon) the extensive history of Congress' basis for regulating child pornography in declaring the statue unconstitutional. The fact that the statute predicates jurisdiction on the use of "material that have been mailed, shipped or transported in interstate or foreign commerce by any means" caused the Eleventh Circuit to hold in *Smith* that the

---

[5] Under Pennsylvania law, the production child pornography is regulated by 18 Pa.C.S.A. §6312 which is a felony of the 2nd degree punishable by 10 years in prison.

jurisdictional basis was "too attenuated a link to interstate commerce" and while the *Smith* case was eventually remanded by the Supreme Court and vacated by the Eleventh Circuit in light of *Gonzales v. Raich*, 545 U.S. 1 (2005), Defendant Strausbaugh still wishes to preserve this interstate commerce issue for review by the Third Circuit *en banc* and ultimately the Supreme Court – which has not clearly ruled on this interstate commerce aspect of the statute[6]

## III.   Conclusion

For the foregoing reasons we respectfully request that the Indictment be dismissed on the basis that it violates the cruel and unusual punishment clause and/or exceeds Congress' power under the Commerce Clause and/or interferes with Pennsylvania's Tenth Amendment rights.

Respectfully Submitted,

 s/ *James J. West*
James J West
105 North Front Street, Suite 205
Harrisburg, PA 17101
(717) 233-5051
(717) 234-7517 - fax
jwest@jwestlaw.com

Counsel for Michael Strausbaugh

---

[6] As recognized in our initial Brief, the Third Circuit has disagreed with the Eleventh Circuit on its interpretation of the statute and this Court would be bound by the Third Circuit's interpretation of *United States v. Rodia*, 194 F.3d 465, 478-79 (3d Cir. 1999).

Dated:  August 1, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of **August 2011,** a true and correct copy of the

foregoing document was served upon the party named below via the Court's ECF Filing

System addressed as follows:

Daryl F. Bloom
Assistant United States Attorney
Daryl.Bloom@usdoj.gov

         *s/ Joanne M. Bartley*
         Joanne M. Bartley
         Assistant to James J. West, Esquire