IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-11-0096-01
MICHAEL STRAUSBAUGH, :
Defendant : (Judge Caldwell)
:
:
:

*M E M O R A N D U M*

We are considering the motion of the pro se defendant, Michael Strausbaugh, for production of documents. He says he needs the documents to support a motion under 28 U.S.C. § 2255 he intends to file.

In May 2011, Defendant was named in a superseding indictment with the following offenses: (1) three counts of the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e); (2) the distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b); and (3) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[1] After a nonjury trial held in October 2011, Defendant was convicted on all counts. In May 2012, he was sentenced to an aggregate term of 540 months of imprisonment. On August 9, 2013, the Third Circuit affirmed his conviction and sentence on direct appeal. *United States v. Strausbaugh*, 534 F. App'x 178 (3d Cir. 2013) (nonprecedential).

---

[1] Rebecca Strausbaugh was also named as a co-defendant on certain counts.

On August 11, 2015, Defendant filed an earlier motion (Doc. 203) for production of documents, seeking the transcripts of the suppression and sentencing hearing (Doc. 174 and 181) and certain documents that are not on the docket, such as trial exhibits and letters Defendant exchanged between with his co-defendant and his trial counsel. Defendant alleges the letters were turned over to the United States Attorney. The motion asserted that trial counsel, now retired, had told Defendant that he had given his entire file to the court. We ordered that the Clerk of Court respond to the motion.[2]

By letter dated August 14, 2015 (Doc. 207), the Clerk's Office told Defendant that it did not have his lawyer's file and that the only documents it did have were the transcripts of the suppression and sentencing hearing. The Clerk's Office informed Defendant it could send him copies of the transcripts for $15.

Defendant filed the instant motion in response. He asserts he is preparing a 2255 motion and needs "multiple documents to support his claims of ineffective assistance of counsel." (Doc. 208, ECF p. 1). Defendant contends he is indigent and cannot pay for copies of the transcripts. He requests: (1) that the court tell him who has his case file; and (2) appointment of counsel as "custodian" of his file or an order that the Clerk's Office send him copies of the transcripts of the suppression and sentencing hearings. In addition, he requests that the court order the United States Attorney to produce the following documents:

---

[2] On April 3, 2015, Defendant had requested certain other documents on the docket, and the Clerk's Office did supply him at that time with copies of his motion to dismiss the indictment and brief in support.

> 1. a subpoena to Verizon from on or about July 5, 2011;
>
> 2. Rebecca Strausbaugh's proffer statement;
>
> 3. several trial exhibits Defendant identifies by number;
>
> 4. letters confiscated from Defendant's cell in the Adams County jail and turned over to the United States Attorney;
>
> 5. a forensic report on the electronic evidence;
>
> 6. the search warrant for the search of the "Blue Hard drive;" and
>
> 7. all reports made by ICE agent Trac Huyhn.

(Doc. 208, ECF pp. 2-3).

On Defendant's first request, the court does not know who has his case file. The Clerk's Office is certainly not the custodian of retired attorneys' files, and it has said it does not have the lawyer's file. We advise Defendant to contact his lawyer to clarify where the file is.

On Defendant's second request, we do not appoint lawyers to be custodians of files, and 28 U.S.C. § 753(f) governs his request for free copies of the transcripts of the suppression and sentencing hearings.[3] It provides, in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and

---

[3] We will assume for the purpose of the motion that Defendant is entitled to in forma pauperis status. We note that he has not filed an application to proceed in forma pauperis.

> that the transcript is needed to decide the issue presented by
> the suit or appeal.

28 U.S.C. § 753(f). Section 753(f) allows the court to authorize free transcripts for an indigent defendant's 2255 proceedings but, as its language indicates, only if the defendant has: (1) already filed a 2255 motion (2) setting forth grounds that are not frivolous and (3) the transcript is needed to decide those grounds. *See United States v. Francisco*, 342 F. App'x 828, 829 (3d Cir. 2009)(nonprecedential). A defendant is not entitled to receive a free transcript for the "purpose of searching the record for possible error." *United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) (nonprecedential) (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)). *See also United States v. Serrano*, 562 F. App'x 95, 97 (3d Cir. 2014) (nonprecedential) (under section 753(f) a defendant " must show that his claims are not frivolous and that the transcript is necessary to decide the issues presented").

Defendant has not satisfied these requirements. He has not filed a 2255 motion, and he has not shown his claims are not frivolous and that he needs the transcripts. He has asserted he intends to file a section 2255 motion and that he needs "multiple documents to support his claims of ineffective assistance of counsel," but he has not specified what those claims are. The mere assertion that he intends to file ineffective-assistance-of-counsel claims is not enough.

28 U.S.C. § 2250 more broadly governs an indigent defendant's request for court documents at the government's expense. It provides:

-4-

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. Defendant cannot succeed under this section either as it requires in part that (1) a 2255 motion has been made; and (2) the defendant has made "a sufficient explanation of the need for the documents requested so that the court can determine the necessity of providing the requested documents." *United States v. Mitchell*, No. 05-CR-197, 2008 WL 824226, at *1 (M.D. Fla. Mar. 26, 2008)(citing *United States v. Reed*, 1989 WL 140493, at *1 (E.D. Pa.)). As noted, Defendant has not met these requirements. *See also Anderson v. Gillis*, 236 F. App'x 738, 739 n.4 (3d Cir. 2007)(buttressing denial of a free copy of a document under section 2250 by observing section 753(f)'s requirements that the defendant show that his claims are not frivolous and that the document is necessary to decide the issues presented).

On Defendant's third request, he cites no authority, and we are unaware of any, that permits the court to compel the United States Attorney to produce the requested documents postconviction, especially when there are no postconviction

proceedings pending. Defendant could ask the United States Attorney directly for the documents.

        We will issue an appropriate order.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: August 27, 2015