IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:11-CR-0096-1 |
| | : | |
| v. | : | |
| | : | (Judge Caldwell) |
| MICHAEL STRAUSBAUGH | : | |
| | : | (electronically filed) |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the United States of America, by and through its attorneys, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and Daryl F. Bloom, Assistant United States Attorney, and responds to the Petitioner's Supplemental Motion to Vacate, Set Aside, or Correct Sentence, under Title 28, United States Code, § 2255, based upon his claim of ineffective assistance of both his trial and appellate counsel and other error.  In his supplemental motion Strausbaugh alleges that his trial counsel was ineffective for allowing the government to present evidence during trial that was materially false and for allowing the government to introduce perjured testimony in violation of his Fifth and Sixth Amendment rights.  Rec. Doc. No. 241-1, pp. 1 and 4. Based on the following, the Court should dismiss the meritless motion as Strausbaugh wholly fails to state a claim of

ineffective assistance of counsel or that any evidence or testimony was false or perjured. Strausbaugh's most recent writings demonstrate his desperation at the lack of any error in the trial for his heinous actions, sexually exploiting an infant, which he admitted when questioned by police and during trial.

## Discussion

In his original motion Strausbaugh claimed that his trial counsel was ineffective for allowing the prosecution to proceed at trial with what Strausbaugh believed was "materially false" information concerning the origin of the blue and green hard drives. Rec. Doc. No. 213. In his supplemental motion he continues this claim and argues that he now has evidence in support of his allegation. Rec. Doc. Nos. 241 and 241-1. His claim is baseless, without merit and contrary to the facts and logic. Nothing in the record or in evidence supports Strausbaugh's claims of falsity.

Strausbaugh's claim appears to be based, in part, upon Josh Nace's representation to Strausbaugh, while Strausbaugh was in jail, that the blue and green hard drives were placed in a safety deposit box. Rec. Doc. No. 241-1. However, Nace lied to Strausbaugh. Nace never

placed the hard drives in a safety deposit box. *See* Rec. Doc. No. 241-1, Exhibit 1. "Nace stated he didn't have a safety deposit box." *Id.*

Strausbaugh also appears to suggest that the hard drives could not have been placed in the truck because the truck was locked and neither Shughart nor Nace had the key. Rec. Doc. No. 241-1, p.3. This is allegation is based upon Strausbaugh's misrepresentation of the facts. The search of the truck occurred on April 20, 2011, 18 days after the truck was signed over to Nace by Strausbaugh. There can be no issue that Nace had the keys to the truck at that point in time. As such, even if the hard drives were at one point in a safety deposit box, which the government does not believe, the hard drives could clearly make their way to the truck before being placed in a safety deposit box (they would need to be transported), after being placed in the safety deposit box, or both.

Further, Strausbaugh claims the truck was locked and Nace would not have had access to the keys or "any of [Strausbaugh's] stuff" and in support cites to the prison recording of his conversation with Joshua Nace on March 29, 2011. Rec. Doc. No. 241-1. However, the prison recording is talking about the front door to the house and the key

3

to the house, not the truck or the key to the truck. Rec. Doc. No. 238, Exh. 4, p.3. Further, there is no evidence that the truck was even locked or that Nace didn't have access to the truck. *See* Record, generally. Although the shop where the hard drives were stored may have been locked at some point after the search, *see* Rec. Doc. No. 238, Exh. 4, p. 2, Nace was still able to gain access to the shop through an unlocked window and the house was unlocked. *Id.* Additionally, Nace could have accessed the shop prior to it being locked as we know he had the hard drives prior to March 29, 2011. *See* Rec. Doc. No. 238, Exh. 4, p. 6.

What is crystal clear is that the hard drives were in the desk drawer and missed by law enforcement during the search. What is also crystal clear is that at some point Nace or Shughart discovered the hard drives and placed them in the truck. Although the drives contained additional videos Strausbaugh produced depicting the sexual exploitation of an infant, the United States already had evidence of the production of images containing the exploitation of a child and Strausbaugh was only sentenced to 360 months for each of the sexual exploitation of a child counts, all running concurrently. Rec. Doc. No.

156.  Even if the additional videos were excluded, they could be used at sentencing.[1]  As such, Strausbaugh is unable to meet his burden of establishing a reasonable probability that the result of the proceedings would have been different.  *Strickland v. United States*, 466 U.S. 668, 694 (1984).

To supplement Ground 23, Strausbaugh claims Postal Inspector Corricelli made three false statements.  This is incorrect.  First, none of the statements made by Inspector Corricelli are false.  Referring to the blue and green hard drives as "two folders, a blue one and a green one" or "computer parts" is not false.  To argue otherwise is ridiculous.  Second, the testimony by Inspector Corricelli as to what Nace said to him was not noted as a quote from Nace or supposed to be verbatim of the conversation.  Third, none of the three statements, even if false, are material.

Therefore, Strausbaugh can demonstrate neither unprofessional conduct, nor prejudice to his case as a result.

---

[1] The hard drive was properly admitted into evidence.

## Conclusion

Based upon the foregoing reasons, the Court should deny Strausbaugh's claim for relief pursuant to 28 U.S.C. § 2255 without a hearing.

Respectfully Submitted,

Dated: June 23, 2016

s/ Daryl F. Bloom
Daryl F. Bloom
Assistant United States Attorney
Daryl.Bloom@usdoj.gov
PA73820

228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
717/221-4482 (Office)
717/221-2246 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:11-CR-96 |
| | : | |
| v. | : | |
| | : | (Judge Caldwell) |
| **MICHAEL STRAUSBAUGH**, | : | |
| Petitioner. | : | (electronically filed) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this Thursday, June 23, 2016, he caused to be served a copy of the attached

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

by mail by sending a copy to the address stated below:

Michael Strausbaugh
Inmate #69878-067
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

                                               s/ Daryl F. Bloom
                                               DARYL F. BLOOM
                                               Assistant United States Attorney