IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 1:11-CR-0096-1 |
| v. : | |
| : | (Judge Caldwell) |
| MICHAEL STRAUSBAUGH : | |
| : | (electronically filed) |

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the United States of America, by and through its attorneys, Bruce D. Brandler, United States Attorney for the Middle District of Pennsylvania, and Daryl F. Bloom, Assistant United States Attorney, and responds to the Petitioner's Supplemental Motion to Vacate, Set Aside, or Correct Sentence, under Title 28, United States Code, § 2255, based upon his claim of ineffective assistance of both his trial and appellate counsel and other error.  In his second to last supplemental motion (Rec. Doc. No. 249) Strausbaugh claims that the government violated his right to counsel of his choice by filing a superseding indictment with a forfeiture allegation.  As the claim goes, it is alleged that the undersigned counsel presented a forfeiture allegation only after learning that Strausbaugh intended to use the family property to hire counsel of his choice.  This assertion is baseless,

without merit and nothing short of imaginary.

Strausbaugh's home was used to produce images depicting the sexual abuse of a five-month old infant. At least one image shows Strausbaugh pressing his penis against the entrance of the five-month old's vagina. A superseding indictment was filed on May 4, 2011, after the investigation determined that Strausbaugh engaged in sexually explicit conduct for the purpose of producing a visual depiction on at least two additional occasions. (Rec. Doc. No. 29). At that time a forfeiture allegation was added to the indictment pursuant to 18 United States Code, § 2253. The forfeiture allegation was proper. The addition of the forfeiture allegation had nothing to do with Strausbaugh's bald claim that he wanted to use his property as collateral. Indeed, this claim is belied by the evidence. The government determined after a title search and property appraisal that the home had negative net equity and forfeiture was declined.

In his most recent supplemental response (Rec. Doc. No. 251) Strausbaugh seeks to amend his second ground for his motion by providing the citation to a case out of the Ninth Circuit Court of

Appeals.[1]  In as much as Strausbaugh wishes to add the citation to his motion, the government does not object.  The government does however object to the additional statements in Struabaugh's motion.  The mandate issued in Strausbaugh's case on January 6, 2014, over 34 months ago.  (Rec. Doc. No. 194).  Strausbaugh filed his motion to vacate on September 28, 2015.  (Rec. Doc. No. 212).  Since that filing, Strausbaugh filed supplemental motions on October 13, 2015, December 14, 2015, May 27, 2016, June 30, 2016, August 12, 2016 and August 29, 2016 (Rec. Doc. Nos. 217, 226, 241, 246, 249 and 251), not to mention other replies and motions.   Given the protracted journey of this § 2255 additional supplements, grounds and statements only delay the logical terminus of his motion.

The Court should address Strausbaugh's claims and dismiss the meritless motion on all grounds as Strausbaugh wholly fails to state a claim of ineffective assistance of counsel, that any evidence or testimony was false or perjured or that any of his Constitutional rights were violated.

---

[1] *Reyes v. Lewis*, 2016 WL 4480743 (9th Cir. Aug. 17, 2016).

## Conclusion

Based upon the foregoing reasons, the Court should deny Strausbaugh's claim for relief pursuant to 28 U.S.C. § 2255 without a hearing.

                                                     Respectfully Submitted,

Dated: October 11, 2016           s/ Daryl F. Bloom
                                              Daryl F. Bloom
                                              Assistant United States Attorney
                                              Daryl.Bloom@usdoj.gov

                                              PA73820

                                              228 Walnut Street, Suite 220
                                              Harrisburg, Pennsylvania 17108
                                              717/221-4482 (Office)
                                              717/221-2246 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:11-CR-96 |
| | : | |
| v. | : | |
| | : | (Judge Caldwell) |
| **MICHAEL STRAUSBAUGH**, | : | |
| Petitioner. | : | (electronically filed) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this Tuesday, October 11, 2016, he served a copy of the attached

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

by mail by sending a copy to the address stated below:

Michael Strausbaugh
Inmate #69878-067
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney
