IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:11-CR-096 |
| | : | |
| v. | : | (Chief Judge Connor) |
| | : | |
| MICHAEL STRAUSBAUGH, | : | |
| | : | |
| Defendant/Petitioner. | : | (electronically filed) |

## GOVERNMENT'S RESPONSE TO PETITIONER'S
## MOTION FOR RELIEF PURSUANT TO 28 U.S.C. 2255

Respectfully Submitted,

DAVID J. FREED
United States Attorney

DARYL F. BLOOM
Assistant United States Attorney
Daryl.Bloom@usdoj.gov
Pa Attorney ID #73820
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
Phone: 717-221-4482
Fax:  717-221-4582

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................... 1

PROCEDURAL BACKGROUND ............................................................... 1

FACTUAL BACKGROUND ........................................................................ 3

SUMMARY OF THE ISSUES ................................................................... 5

ARGUMENT ............................................................................................... 5

I.     THE EVIDENCE GATHERED BY THE
GOVERNMENT'S SEARCH OF THE BLUE HARD
DRIVE WAS LAWFULLY OBTAINED AND SHOULD
NOT BE SUPPRESSED ....................................................... 5

     A.    The evidence gathered by the Government's
search of the blue hard drive was lawfully obtained
because Strausbaugh had no expectation of
privacy ............................................................................ 6

     B.    The evidence gathered by the Government's search
of the blue hard drive was lawfully obtained because
Strausbaugh abandoned and relinquished control of
the hard drive to a third party thereby nullifying any
expectation of privacy .................................................... 9

     C.    The evidence gathered by the Government's search
of the blue hard drive was lawfully obtained because
Nace, who had common authority over the hard drive,
voluntarily consented to a seizure and search by law
enforcement officers ...................................................... 11

i

D.   The evidence gathered by the Government's search of the blue hard drive was lawfully obtained because the discovery of child pornography was inevitable ..... 16

E.   The evidence gathered by the Government's warrantless search of the blue hard drive was lawfully obtained because Postal Inspector Corricelli acted with an objectively reasonable good-faith belief that he did not need a search warrant because he had consent from Nace to search the contents stored therein ............................... 19

II.   TRIAL COUNSEL DID NOT PROVIDE INEFFECTIVE ASSISTANCE WHEN IT STRATEGICALLY DECIDED NOT TO CHALLENGE INCRIMINATING EVIDENCE RECOVERED FROM A HARD DRIVE, WHICH WAS LEGALLY OBTAINED BY THE GOVERNMENT, AND THE DEFENDANT WAS NOT PREJUDICED ................... 21

CONCLUSION ......................................................................... 25

CERTIFICATION OF LENGTH OF BRIEF

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**FEDERAL CASES:**                                    **PAGE(s)**

*Arizona v. Evans,*
    514 U.S. 1 (1995) ........................................................... 16

*Bey v. Superintendent Greene SCI,*
    856 F.3d 230, 238 (3d Cir. 2017)..................................... 22

*Bumper v. North Carolina,*
    391 U.S. 543, 548 (1968) .............................................. 12

*Free Speech Coal., Inc. v. Att'y Gen.,*
    677 F.3d 519, 543 (3d Cir. 2012) ..................................... 6

*Herring v. United States,*
    555 U.S. 135 (2009) ....................................................... 20

*Katz v. United States,*
    389 U.S. 347 (1967) ......................................................... 6

*Nardone v. United States,*
    308 U.S. 338 (1939) ...................................................... 16

*Nix v. Williams,*
    467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)..............16, 17

*Rawlings v. Kentucky,*
    448 U.S. 98, 104 (1980) ................................................... 6

*Schneckloth v. Bustamonte,*
    412 U.S. 218, 219 (1973) .............................................. 11

iii

*Segura v. United States*,
    468 U.S. 796 (1984)  ....................................................................... 16

*United States v. Donahue*,
    764 F.3d 293, 298 (3d Cir. 2014)  ..................................................... 6

*United States v. Fulani*,
    368 F.3d 351, 354 (3d Cir. 2004) ...................................................... 9

*United States v. Harrison*,
    689 F.3d 301, 307 (3d Cir. 2012) ...................................................... 9

*United States v. James*,
    353 F.3d 606, 614 (8th Cir. 2003) .................................... 13, 14, 15

*United States v. Katzin*,
    769 F.3d 163, 171 (3d Cir. 2014)  .................................................. 20

*United States v. Matlock*,
    415 U.S. 164, 170 (1974)  .............................................................. 11

*United States v. Price*,
    558 F.3d 270, 277 (3d Cir. 2009) .................................................... 12

*United States v. Richardson*,
    2007 U.S. Dist. LEXIS 71477 at 4 (W.D. Pa. Sept 26, 2007) ........ 18

*United States v. Scott*,
    673 F.Supp.2d 331, 341 (M.D. Pa. 2009)  .................................. 7, 8,

*United States v. Stabile*,
    633 F.3d 219, 231 (2011) .................................................. 12, 15, 17

*United States v. Strausbaugh*,
    534 Fed. Appx. 178, Docket No. 12-2434 (3d Cir. 2013) ................. 2

*United States v. Vasquez De Reyes*,
    149 F.3d 192, 195 (3d Cir.1998) .................................................... 17

*United States v. Werdene*,
    188 F.Supp.3d 431, 448–49 (E.D. Pa. 2016),
    aff'd on other grounds, 883 F.3d 204 (3d Cir. 2018) ...................... 19

## STATUES:

18 U.S.C. § 2251(a) and (e) ..................................................... 1, 2

18 U.S.C. § 2252(a)(2) and (b) .................................................... 1

18 U.S.C. § 2252A(a)(5)(B) ........................................................ 2

18 U.S.C. § 2253 ...................................................................... 2

28 U.S.C. § 2255 ................................................................... 1, 25

## Introduction

COMES NOW, the United States of America, by and through its attorneys, David J. Freed, United States Attorney for the Middle District of Pennsylvania and Daryl F. Bloom, Assistant United States Attorney, and responds to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence based upon alleged ineffective assistance of counsel for failing to challenge the admission of a blue hard drive as evidence. Based on the following, the Court should dismiss the motion under Title 28, United States Code, § 2255 as the Petitioner's claim of ineffectiveness is without merit.

## Procedural Background

The Defendant, Michael Strausbaugh, and his wife, Rebecca Strausbaugh, were arrested and charged with multiple federal offenses on March 18, 2011. (Doc. No. 1). The Grand Jury returned an Indictment on March 23, 2011, followed by a Superseding Indictment on May 4, 2011. (Doc. Nos. 9 and 29). In the original Indictment, the Defendant was charged with three counts: (1) Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e); (2) Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b); and (3)

Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. No. 9). The Superseding Indictment added counts (4) Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e); (5) Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e); and (6) Forfeiture under 18 U.S.C. § 2253. (Doc. No. 29).

The Defendant pleaded not guilty. (Doc. No. 48). The Defendant and his wife, acting as codefendants, waived their right to a jury trial and proceeded to a bench trial before Judge Caldwell on October 24, 2011. (Doc. Nos. 48 and 98). On October 26, 2011, Judge Caldwell found the Defendant guilty on all counts. (Doc. No. 132). On May 8, 2012, the Defendant was sentenced to a total of 540 months imprisonment, consisting of 360 months each on Counts 1, 4, and 5, and 120 months on Count 3, to be served concurrently, as well as, 180 months on Count 2, to be served consecutively to all other counts. (Doc. No. 156). The Defendant filed an appeal from the judgment to the Third Circuit Court of Appeals. (Doc. No. 157). The judgment was affirmed on direct appeal. (Doc. No. 187).[1] The Defendant then filed a petition for *writ of certiorari*

---

[1] *See United States v. Strausbaugh*, 534 Fed. Appx. 178, Docket No. 12-2434 (3d Cir. 2013).

to the United States Supreme Court, which was denied on October 6, 2014. (Doc. No. 212 at 2). The Defendant then filed a motion to vacate on September 28, 2015. (Doc. No. 212).

## Factual Background

As part of the original investigation, law enforcement officers obtained a search warrant and seized evidence from Strausbaugh's home and auto body shop on March 18, 2011. (Hr'g Tr. at 169-175). A few weeks after that search, one of the investigating officers listened to a recorded prison conversation between the Defendant, who was detained at the time, and Joshua Nace, a visiting third party. The conversation revealed that law enforcement officers had overlooked a blue hard drive while conducting their search. This blue hard drive was apparently stored in a desk in the Defendant's shop and very likely contained child pornography. (*Id.* at 175-176). From listening to this conversation, law enforcement agents realized that Nace actually had physical possession of the hard drive. *Id.* When prompted by Postal Inspector Corricelli, Nace consented to the seizure and likely, the search of the blue hard drive, which at that time, was being stored in his pickup truck. (*Id* at 163-164, 176-178; Gov. Ex. 7). The blue hard drive

was seized as evidence and searched without a warrant. (*Id.* at 182-183). The discovery of this blue hard drive led to the addition of Counts 4 and 5 in the Superseding Indictment because the blue hard drive did, in fact, contain child pornography. (*Id.* at 190).

At the evidentiary hearing held on December 21, 2017, the Defendant testified that Attorney West represented him from the time of the Indictment to his direct appeal. (*Id.* at 6). The Defendant alleges that Attorney West provided ineffective assistance of counsel because he did not contest or attempt to suppress the blue hard drive as evidence. (*Id.* at 26). However, Attorney West claimed that he made a legal determination and strategic choice not to contest or attempt to suppress the hard drive, and to stipulate its origins, for a myriad of legal reasons. (*Id.* at 114-116, 139-141). While the Defendant cherry-picks statements made by Attorney West during the evidentiary hearing, the record indicates that Attorney West did in fact consider a number of legal arguments and doctrines, which he reasonably believed would have worked against Strausbaugh if he had raised them during trial.  Moreover, while Attorney West concededly made some factually inaccurate statements during his testimony at the hearing, we must

consider the timespan that elapsed since the case went to trial and

grant Mr. West some latitude.

## Summary of the Issues

1. Whether the evidence gathered from the blue hard drive was lawfully obtained by the Government during a warrantless search?

2. Whether trial counsel provided ineffective assistance when counsel decided not to challenge or attempt to suppress the evidence recovered by the Government from the blue hard drive and whether this decision prejudiced the Defendant?

## Argument

### I.   THE EVIDENCE GATHERED BY THE GOVERNMENT'S SEARCH OF THE BLUE HARD DRIVE WAS LAWFULLY OBTAINED AND SHOULD NOT BE SUPPRESSED.

In the instant case, trial counsel made a legal determination and

strategically decided not to contest evidence, which was obtained by law

enforcement officers when they conducted a warrantless search of a

blue hard drive, originally belonging to the Defendant. While

warrantless searches are typically unconstitutional, the mistake by law

enforcement officers, in this case, can be appropriately justified by the

facts and circumstances.

### A. The evidence gathered by the Government's search of the blue hard drive was lawfully obtained because Strausbaugh had no expectation of privacy.

The Fourth Amendment protects people from "unreasonable searches and seizures" of their "persons, houses, papers, and effects." U.S. CONST. AMEND. IV; *Katz v. United States*, 389 U.S. 347 (1967). This protection, however, is only triggered if the state invades an area in which the person has a reasonable expectation of privacy. *United States v. Donahue*, 764 F.3d 293, 298 (3d Cir. 2014). Thus, a defendant moving to suppress evidence seized in a search bears the burden of proving not only that the search was illegal but also that he had a legitimate expectation of privacy in the subject of the search. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). The latter inquiry turns on two specific questions: (1) whether the individual demonstrated an actual or subjective expectation of privacy in the subject of the search or seizure; and (2) whether this expectation of privacy is objectively justifiable under the circumstances. *Donahue*, 764 F.3d at 298.[2]

---

[2] Donahue was quoting *Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 543 (3d Cir. 2012).

When law enforcement officers identified the existence of a blue hard drive and clearly established probable cause, Strausbaugh had absolutely no expectation of privacy. At that time, Strausbaugh was an inmate, having a recorded and monitored conversation with a third party, when he openly discussed the status and whereabouts of a blue hard drive alluding to its sensitive and criminal content. (Doc. No. 238-1 at 6). In fact, Strausbaugh was warned multiple times throughout the conversation that he and his visitor were being monitored and recorded by the Government. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. Therefore, Strausbaugh had no actual or subjective expectation of privacy.

With respect to the expectation of privacy, Strausbaugh incorrectly relies on *Scott* in asserting its defense. In *Scott*, this Court held that the defendant had a reasonable expectation of privacy and suppressed the evidence in question. *United States v. Scott*, 673 F.Supp.2d 331, 341 (M.D. Pa. 2009). The defendant was charged with crimes related to multiple armed robberies. *Id.* at 334. An informant directed police to a third party's apartment where the defendant

allegedly kept stolen property and firearms. *Id.* The police seized several items in the apartment, to include the defendant's personal laptop, that were not identified in the original search warrant. *Id.* The police proceeded to search the contents of the defendant's laptop without obtaining a second warrant. *Id.* This Court reasoned that the defendant had no reasonable expectation of privacy in a third party's apartment and lacked the capacity to challenge the warrant to search the premises. *Id.* at 339. However, this Court ultimately reasoned that because the Government searched the contents of the defendant's laptop without a second warrant, and without *any* justification whatsoever (i.e., probable cause), the defendant had a reasonable expectation of privacy and thus suppressed the laptop as evidence. *Id.*

The instant case can be distinguished from *Scott* because Strausbaugh never had a reasonable expectation of privacy. Unlike the defendant in *Scott*, Strausbaugh provided law enforcement officers with probable cause by knowingly having a monitored conversation with a third party about pornographic material stored on a blue hard drive. Unlike the laptop evidence in *Scott*, which was deemed unrelated to the armed robberies (i.e., it was not the subject of the search),

Strausbaugh's blue hard drive and the contents therein was the very subject or object of the second search. Therefore, Strausbaugh had no actual or subjective expectation of privacy in the subject of the search or seizure.

**B. The evidence gathered by the Government's search of the blue hard drive was lawfully obtained because Strausbaugh abandoned and relinquished control of the hard drive to a third party thereby nullifying any expectation of privacy.**

Even if Strausbaugh originally had an expectation of privacy, it was eliminated the moment he abandoned and relinquished control of the hard drive to Joshua Nace. A warrantless search of property is permissible under the Fourth Amendment when the owner has abandoned his reasonable expectation of privacy in that property. *United States v. Fulani,* 368 F.3d 351, 354 (3d Cir. 2004). This determination must be made from an objective viewpoint and proof of intent to abandon must be established by clear and unequivocal evidence. *Id.* The court must also consider the totality of the circumstances in making such a determination and, in most cases, disclaiming ownership or physically relinquishing the property is sufficient to establish abandonment. *United States v. Harrison*, 689

F.3d 301, 307 (3d Cir. 2012). Thus, abandonment for the purposes of the Fourth Amendment differs from abandonment in property law. Here, the analysis examines the individual's reasonable expectation of privacy, not one's property interest in an item. *Id.*

According to the record, Nace had unfettered access to Strausbaugh's home and auto shop, had been given power of attorney to deal with Strausbaugh's finances, was given title to and possession of Strausbaugh's truck, and was trusted to liquidate many of Strausbaugh's assets. (Doc. No. 238-1 at 6, 8, 14, and 15; Gov. Ex. 6 and 7; Hr'g Tr. at 176-178). When Nace told Strausbaugh that he had taken a blue hard drive from a desk drawer in his shop, Strausbaugh acquiesced to his actions, and relinquished his expectation of privacy the moment he allowed Nace to continue possessing the hard drive. (Doc. No. 238-1 at 6). Strausbaugh could have instructed Nace to return the hard drive to his auto shop, to his home, or to a more secure place whereby Strausbaugh could exercise some degree of control. However, he did not. In fact, Strausbaugh failed to question the whereabouts or the exact details of the alleged safe deposit box to which Nace referred during their recorded conversation. *Id.* In essence, Nace had complete

physical control of the hard drive, had unrestricted access to the

contents of the hard drive, and specifically told Strausbaugh that he

had already viewed the hard drive's inappropriate content. *Id*.

Strausbaugh's obscure choice of words, "I *might* need it someday," must

be weighed in light of his actions and a 45-year prison sentence. *Id*.

Based on the totality of circumstances, Strausbaugh knowingly

relinquished and abandoned his control of the blue hard drive by

allowing Nace to preserve and use the blue hard drive as if it were his

own. This had the aggregate effect of eliminating and nullifying his

expectation of privacy.

> **C. The evidence gathered by the Government's search of the blue hard drive was lawfully obtained because Nace, who had common authority over the hard drive, voluntarily consented to a seizure and search by law enforcement officers.**

Even assuming that Strausbaugh did not forfeit his expectation of

privacy, consent is a valid exception to the warrant requirement.

*Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Consent may be

given either by the suspect or by some other person who has common

authority over the item to be searched. *United States v. Matlock*, 415

U.S. 164, 170 (1974).[3] Common authority rests not on property rights but rather on the mutual use of property by persons generally having joint access to or control of the property. *United States v. Stabile*, 633 F.3d 219, 231 (2011). Common authority is a function of mutual use, joint access, and control.

As indicated by the recorded prison conversation below, Strausbaugh granted Nace the authority to exercise control over the hard drive. (Doc. No. 238-1 at 6). Strausbaugh did not limit that scope of authority and only requested that Nace "be careful" with the hard drive. *Id*. Thus, Strausbaugh acquiesced to Nace's mutual use of and joint access to the blue hard drive. *Id*.

| Nace: | Yeah. I'd uh, when I was in the shop there, we were cleaning out the top right desk drawer and found your little boxes with all the files in. |
|---|---|
| Strausbaugh: | Did you take it? Do you got it? Okay, I need that then. I might need it someday. Just hang on to it for me. |
| Nace: | The two of them? |
| Strausbaugh: | The green and the blue box. |
| Nace: | Yes. |
| Strausbaugh: | Okay, okay, yeah. Uh, just be careful...that... |

---

[3] *See also Bumper v. North Carolina*, 391 U.S. 543, 548 (1968) and *United States v. Price*, 558 F.3d 270, 277 (3d Cir. 2009).

| Nace: | I, I got them tucked away in a safe deposit box. |
| Strausbaugh: | Alright. It might be both, the green one is, is stuff for Alex. Uh, the blue one I might…you know? You know? |
| Nace: | Yeah. |
| Strausbaugh: | *You looked at them. So…* |
| Nace: | *Yeah. (Sigh), but I got them tucked away.* |
| Strausbaugh: | Okay. |
| Nace: | I'm surprised they didn't… |
| Strausbaugh: | Yeah. |
| Nace: | I don't know what the hell they were thinking. |

(Doc. No. 238-1 at 6). When confronted by law enforcement officers, Nace subsequently consented to the search of his house, his barn, his truck, and the hard drives in his possession. (Gov. Ex. 6). Given that Nace had the common authority to consent to a search of the hard drive and because Nace voluntarily consented to the search, the warrantless search of the hard drive did not violate the Fourth Amendment.

With respect to consent, the Defendant erroneously relies on *James*, however, *James* can be distinguished from the instant case. In *James*, the court held that the defendant did not give a third-party authority to consent to a search. *United States v. James*, 353 F.3d 606, 614 (8th Cir. 2003). The defendant was an inmate who, prior to his arrest, had stored computer discs with a third-party. *Id.* at 611. The

defendant attempted to notify the third party from within the prison to have him to destroy the discs *without disclosing the content therein. Id.* The police intervened and the third party consented to the opening of a sealed envelope with multiple discs inside. *Id.* The third party also consented to the police taking the discs for further exploitation. *Id.* The discs were unambiguously labeled "classified," "confidential," "personal," "private," etc. *Id.* at 614. The police searched the content of the discs and found child pornography but never sought a search warrant. *Id.* The court reasoned that the defendant never gave the third-party authority to exercise control over the discs but only asked that he store them as a bailee. *Id.* The court also reasoned that because the discs were sealed in an envelope and marked to discourage a third party from viewing the content of the discs, there was a reasonable expectation of privacy. *Id.*

Unlike the defendant in *James*, Strausbaugh gave Nace the broad authority to store, handle, and safeguard the blue hard drive. (Doc. No. 238-1 at 6). In addition, while Strausbaugh did not deny ownership of the hard drive, he clearly acquiesced to Nace's admitted use, joint access, and control of the blue hard drive. *Id.* In addition, Strausbaugh

14

did not package or conceal the hard drive in a sealed envelope, he did
not label the hard drive with his name, nor did he mark them with the
words "classified," "confidential," "personal," or "private." (Doc. No. 238-
1 at 6; Hr'g Tr. at 176-178). Unlike the third party in *James*, Nace knew
that pornographic content was stored in the hard drive and undeniably
served as more than an innocent bailee. Therefore, Nace had the
common authority to consent to a search of the hard drive and its
contents.

The instant case is more similar to the *Stabile* case. In *Stabile*, the
court held that a warrantless search of the defendant's house and six
hard drives did not violate the Fourth Amendment. *United States v.
Stabile*, 633 F.3d 219, 231 (3d Cir. 2011). The defendant was charged
and convicted of possession of child pornography. *Id.* at 227-228. The
defendant's partner allowed federal agents into their house and
completed a consent to search form with the understanding that the
consent form included a search of the hard drives. *Id.* at 228-229. The
defendant was not present during the search and agents found evidence
of child pornography prior to applying for a search warrant. *Id.* at 231.
The court reasoned that the defendant's partner had common authority

to consent to a search and seizure of the hard drives because she mutually used the property and exercised joint access and control over the property. *Id.* at 232-234. The court also reasoned that the warrantless search was reasonable because the defendant's partner did not limit the scope of her consent in any way. *Id.* The court noted that the defendant relinquished his expectation of privacy because he could have securely or discretely stored the hard drives instead of leaving them unsecured in common areas, the defendant could have password protected individual files or the hard drive altogether, and the defendant could have taken steps to prevent his partner, and others, from accessing the content on the hard drives. *Id.*

### D. The evidence gathered by the Government's search of the blue hard drive was lawfully obtained because the discovery of child pornography was inevitable.

Courts have developed a number of exceptions to the exclusionary rule, including the independent source, inevitable discovery, and attenuation doctrines, as well as, a good faith exception.[4] Under the

---

[4] *See*, e.g., *Segura v. United States*, 468 U.S. 796 (1984) (independent source); *Nix v. Williams*, 467 U.S. 431 (1984) (inevitable discovery); *Nardone v. United States*, 308 U.S. 338 (1939) (attenuation); *Arizona v. Evans*, 514 U.S. 1 (1995) (good faith).

inevitable discovery doctrine, "if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means…then the deterrence rationale has so little basis that the evidence should be received." *Stabile*, 633 F.3d at 245 (quoting *United States v. Vasquez De Reyes*, 149 F.3d 192, 195 (3d Cir.1998); *see also Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)). The Government can meet its burden by establishing "that the police, following routine procedures, would inevitably have uncovered the evidence." *Id.* The inevitable discovery analysis focuses on historical facts capable of ready verification, not speculation. *Id.*

After listening to the recorded prison conversation between Nace and Strausbaugh, Postal Inspector Corricelli believed, with a high degree of certainty, that a blue hard drive was in the possession of Nace and that the hard drive contained child pornography. (Hr'g Tr. at 175-178, 182-183). Inspector Corricelli also believed that he had enough probable cause to apply for a search warrant but did not do so because he believed that a consent form signed by Nace was sufficient for a search of the blue hard drive. *Id.* Hence, this evidence would have

inevitably been discovered had the police acquired a search warrant via the proper channels. Furthermore, an argument can be made that Postal Inspector Corricelli and Special Agent Huynh had been following routine procedures when they properly executed the original search warrant, when they appropriately filled out the consent form with Mr. Nace, and when they complied with the crime lab's requirement that a search warrant *or* a consent form be submitted with evidence. *Id*. Therefore, these facts and circumstances weigh in favor of ready verification and are not truly speculative.

With respect to the inevitable discovery doctrine, the Defendant mistakenly relies on *Richardson*. The instant case can be distinguished from *Richardson* because in *Richardson* the court reasoned that the Government intentionally deceived the Defendant, leading him to believe that a relinquishment of his computer as evidence was necessary to investigate a crime of which he was the victim. *United States v. Richardson*, 2007 U.S. Dist. LEXIS 71477 at 4 (W.D. Pa. Sept 26, 2007). Here, the Government informed Nace that they knew about the blue hard drive and its pornographic content. In other words, there was no element of misrepresentation or deceit and Nace consented to

the hard drive's seizure and search. It can also be argued that if Nace
had not given the officers consent to seize and search the blue hard
drive, that they would have certainly pursued a search warrant
immediately thereafter.

### E. The evidence gathered by the Government's warrantless search of the blue hard drive was lawfully obtained because Postal Inspector Corricelli acted with an objectively reasonable good-faith belief that he did not need a search warrant because he had consent from Nace to search the contents stored therein.

Even if the inevitable discovery doctrine does not apply to the
instant case, this Court should allow this warrantless search because
Postal Inspector Corricelli reasonably believed and in good faith relied
upon Nace's consent prior to seizing and searching the hard drive.
When the police act with an "objectively reasonable good-faith belief" in
the legality of their conduct, or when their conduct "involves only
simple, isolated negligence, the deterrence rationale loses much of its
force, and exclusion cannot pay its way." *United States v. Werdene*, 188
F.Supp.3d 431, 448–49 (E.D. Pa. 2016), aff'd on other grounds, 883 F.3d
204 (3d Cir. 2018). Where law enforcement conduct is "deliberate,
reckless, or grossly negligent" or involves "recurring or systemic
negligence," deterrence holds greater value and outweighs the costs of

19

suppression. *United States v. Katzin*, 769 F.3d 163, 171 (3d Cir. 2014) (quoting *Herring v. United States*, 555 U.S. 135 (2009). In determining whether the good faith exception applies, courts must answer the "objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal in light of all of the circumstances." *Id.* (quoting *Leon*, 468 U.S. at 922 n. 23, 104 S.Ct. 3405).

In the instant case, Postal Inspector Corricelli personally witnessed the execution of the consent form by Nace. (Hr'g Tr. at 176). Moreover, Postal Inspector Corricelli genuinely believed that the consent form covered the search of the blue hard drive. (Hr'g Tr. at 178). Postal Inspector Corricelli also admitted that if he thought a search warrant was needed, at that time, he would have applied for one and was quite confident that one would have been approved. (Hr'g Tr. at 182). Given that the blue hard drive was stored in Nace's truck, Postal Inspector Corricelli honestly believed that Strausbaugh had no expectation of privacy, and that he had clearly relinquished control of the hard drive to Nace. (Hr'g Tr. at 191).

20

Therefore, Postal Inspector Corricelli, a reasonably well trained officer, thought that the consent form allowed the Government to search the entirety of Nace's property to include his truck and the objects or effects therein. According to the consent form, Nace voluntarily authorized Postal Inspector Corricelli to seize the blue hard drive as evidence and he understood that the hard drive could be used in a court of law or administrative proceeding. (Gov. Ex. 6). In addition, the consent form reads as if it is a general waiver of Nace's Fourth Amendment rights. *Id.* Clearly, Postal Inspector Corricelli acted with an objectively reasonable good-faith belief that he had acquired Nace's consent to seize and search the blue hard drive of which he had control. For the aforementioned reasons, we ask that this Court invoke the good-faith exception.

## II.   TRIAL COUNSEL DID NOT PROVIDE INEFFECTIVE ASSISTANCE WHEN IT STRATEGICALLY DECIDED NOT TO CHALLENGE INCRIMINATING EVIDENCE RECOVERED FROM A HARD DRIVE, WHICH WAS LEGALLY OBTAINED BY THE GOVERNMENT, AND THE DEFENDANT WAS NOT PREJUDICED.

To prove ineffective assistance of counsel under *Strickland v. Washington*, a petitioner must prove "(1) that his counsel's performance was deficient, that is, it fell below an objective standard of

21

reasonableness, and (2) that counsel's deficient performance prejudiced his client," i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 238 (3d Cir. 2017). Generally, trial counsel's stewardship is constitutionally deficient if he or she "neglect[s] to suggest instructions that represent the law that would be favorable to his or her client supported by reasonably persuasive authority" unless the failure is a strategic choice. *Id.*

Prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* The prejudice standard "is not a stringent one" and is "less demanding than the preponderance standard." *Id.* However, a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.*

In the instant case, Attorney West's performance was not deficient and does not fall below the objective standard of reasonableness. Attorney West testified that he made a legal determination and stipulated that the hard drive was taken from the Defendant's residence and that Nace had the authority to consent to a search of the hard drive's contents (Hr'g Tr. at 114-115). Throughout his testimony, Attorney West claimed that the evidence against Strausbaugh was overwhelming, that contesting the hard drive would not have benefitted Strausbaugh, and the hard drive undeniably came from Strausbaugh's residence. (Hr'g Tr. at 114-116, 139-141). Attorney West also noted that the blue hard drive was left unsecured in Nace's truck, that Nace had unlimited access to the blue hard drive and, according to Strausbaugh, had allegedly downloaded pictures off it, and that Nace consented to the search of an item which he controlled. *Id.* While the Defense counsel targets Attorney West's comments concerning the independent source doctrine, which he made during the evidentiary hearing, it is important to recognize that Attorney West alluded to most, if not all, of the legal arguments raised throughout this brief. This inspection suggests that Attorney West did in fact make a strategic choice not to contest the

admission of the hard drive into evidence. *Id.* Therefore, Attorney West did not provide ineffective assistance of counsel to Strausbaugh.

In the instant case, Strausbaugh was appropriately convicted of Counts 4 and 5, as added by the Superseding Indictment. (Doc. No. 132). Thus, Attorney West's decision to not challenge the evidence from the hard drive was a correct legal determination and did not prejudice Strausbaugh.

Further, the exclusion of the blue hard drive would not have any impact on the conviction, as the evidence of guilt, including his confession and images of the defendant with the victim, was overwhelming. Even if the hard drive was excluded, Strausbaugh could have and would have been cross-examined on the contents of the hard drive. Additionally, the additional convictions on Counts 4 and 5 had no impact on the sentence that was imposed. The Defendant was sentenced to 360 months' imprisonment on Count 1 and the sentences on Counts 4 and 5 were ordered to run concurrently. As such, there was no increase in his sentence and no prejudice.

<u>Conclusion</u>

For the foregoing reasons, the Government asks this Court affirm Strausbaugh's convictions for Counts 4 and 5 and dismiss his motion under 28 U.S.C. § 2255.

Respectfully Submitted,

DAVID J. FREED
United States Attorney


Dated: March 20, 2018

<u>s/ Daryl F. Bloom</u>
DARYL F. BLOOM
Assistant United States Attorney
<u>Daryl.Bloom@usdoj.gov</u>
Pa Attorney ID #73820
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
Phone: 717-221-4482
Fax:  717-221-4582

25

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     No. 1:11-CR-096
                            :
        v.                :     (Chief Judge Connor)
                            :
MICHAEL STRAUSBAUGH,     :
                            :
      Defendant/Petitioner.     :     (electronically filed)

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.8(b)(2), I hereby certify, based upon the word-count feature of the word processing system used to prepare the Government's Response to Petitioner's Motion for Relief Pursuant to 28 U.S.C. 2255, that this brief complies with the word-count limit described in Local Rule 7.8(b)(2), in that the brief contains fewer than 5,000 words, to wit, 4,907 words.

                                    Respectfully submitted,
                                    DAVID J. FREED
                                    United States Attorney

Dated: March 20, 2018            /s/ Daryl F. Bloom
                                    Daryl F. Bloom
                                    Assistant U.S. Attorney
                                    Daryl.Bloom@usdoj.gov
                                    PA73820

                                    228 Walnut Street
                                    P.O. Box 11754
                                    Harrisburg, PA 17108
                                    717/221-4482 (Office)
                                    717/221-4493 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:11-CR-096 |
| | : | |
| v. | : | (Chief Judge Connor) |
| | : | |
| MICHAEL STRAUSBAUGH, | : | |
| | : | |
| Defendant/Petitioner. | : | (electronically filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this Wednesday, March 20, 2018, he caused to be served a copy of the attached

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. 2255

by electronic means to the address stated below:

Jennifer P. Wilson
jenniferphilpottwilson@gmail.com

s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney